RENALDO HUFFMAN, Appellant, v. BOARD OF SUPER-
VISORS OF THE TOWNSHIP OF WEST BAY, BENSON
COUNTY, NORTH DAKOTA, Respondent.

(182 N. W. 459.)

**Highways — highways held established on all section lines within Dakota
territory where practicable.**

1. Under U. S. Rev. Stat. § 2477, granting the right of way for highways
over public lands not reserved for public use, and the act of the legislative
assembly of Dakota territory (Laws 1871, chap. 33), declaring all section lines
in the territory of Dakota to be public highways as far as practicable, public
highways were located and established upon all section lines within the terri-
tory where it was practicable to construct highways.

**Highways — highways as established on section lines held not surrendered
by subsequent legislation.**

2. The highways so established on section lines have not been vacated, nor
have the rights of the public in such highways been surrendered, by any sub-
sequent legislation.

Opinion filed January 22, 1921.

Appeal from the District Court of Benson County, *Buttz, J.*

Plaintiff appeals from a judgment holding that a highway has been
established.

Affirmed.

*Wardrope & Butterwick,* for appellant.

This petition was not signed by six legal voters of West Bay town-
ship who own real estate in the vicinity of the road to be established.
Under such circumstances the petition was not sufficient to clothe the
board with jurisdiction to act. Bockoven v. Board of Supervisors (S.
D.) 83 N. W. 335; Warne v. Baker, 35 Ill. 382; Highway Comrs. v.
Ellwood, 193 Ill. 304; Hall v. McDonald, 171 Ind. 9; Thrall v. Gos-

NOTE.—That the Act of 1871, enacted by the territorial legislature of Dakota,
declaring all section lines to be public highways as far as practicable, constituted
an acceptance of the congressional grant of the right of way for the construction
of highways over public lands, will be seen by an examination of the authorities
collated in a note in L.R.A.1917A, 355, on necessity and sufficiency of acceptance
of grant of right of way over public land for public highway.

nell, 28 Ind. App. 174; Wilson v. Twp. (Mich.) 49 N. W. 572; Johnson v. Clontarf (Minn.) 108 N. W. 521; State v. Otoe, 6 Neb. 129; Hyde Park v. County Comrs. 117 Mass. 416; Lesieur v. Custer County (Neb.) 85 N. W. 892; Meek v. Meade County (S. D.) 80 N. W. 182.

Section 1920, Comp. Laws 1913, specifies that section-line roads shall be opened to a width of 2 rods on each side of the section line. The board has no power to open a public highway along section lines of any other width. McGarry v. Runkell (Wis.) 94 N. W. 662; Shields v. Ross, 158 Ill. 214.

The order made by the board in this case was an order beyond its power to make, and has no validity in law, and is ineffectual for any purpose. Comp. Laws 1913, §§ 2046, 2047; 37 Cyc. 57; Shields v. Ross, supra.

Where no evidence is introduced in the appellate tribunal, the review proceeds on questions of law and jurisdiction, much in the same manner as in a writ of error. 26 Cyc. 816, and cases cited; Satterlund v. Beal, 12 N. D. 122, 95 N. W. 518; Seiberling v. Mortinson, 10 S. D. 644, 75 N. W. 202; State v. Haverly (Neb.) 87 N. W. 959; Novotny v. Danforth, 9 S. D. 301, 68 N. W. 749, and cases cited; Jarmine v. Swanson (Neb.) 120 N. W. 437; 15 Standard Proc. 41, and cases cited.

*Sinness & Duffy,* for respondent.

It has frequently been held that, although the proceedings of a board relative to the establishing of a highway may be defective, the question can only be raised by someone affected by such defects. Bockoven v. Board of Supervisors (S. D.) 83 N. W. 335; 13 R. C. L. subject, Highways, § 46.

That courts will not entertain cases for the settlement of moot questions is also well established. 2 R. C. L. 169; 3 C. J. 357; 4 C. J. 575, and numerous cases cited; Re Kaeppler, 7 N. D. 307; State v. Albertson, 25 N. D. 206; School Dist. v. Thompson, 27 N. D. 459; Thompson v. Vold, 38 N. D. 569.

We believe the issue of whether or not section lines are public highways has been squarely determined in the following cases: Faxon v. Lallie Twp. 36 N. D. 634, 163 N. W. 531; Kolven v. Pilot Mound, 33 N. D. 529, L.R.A.1917A, 350, 157 N. W. 672; Wenberg v. Gibbs Twp. 31 N. D. 46, 153 N. W. 440.

The grant is accepted by the passage of a state law declaring that

the land for a specified width along all section lines shall be public highways, and all subsequent grantees of the government take subject to the rights thereby acquired. 13 R. C. L. subject, Highways, § 13; Wells v. Pennington County, 2 S. D. 1, 39 Am. St. Rep. 758; Lawrence v. Ewart, 21 S. D. 580, 114 N. W. 709; Lowe v. East Sioux Falls Quarry Co. 25 S. D. 393, 126 N. W. 609; Keen v. Fairview, 8 S. D. 553, 67 N. W. 623; Tholl v. Koles, 65 Kan. 802.

PER CURIAM. On December 28, 1917, the board of supervisors of West Bay township in Benson county made an order laying out, establishing, and opening a highway "beginning at the common corner of sections 9, 10, 15, and 16 in township 153, north of range 67 west of the fifth principal meridian, and running due east along the section line between the said sections 10 and 15 to the place where said section line intersects the meander line bounding Devils Lake, such highway to be opened for a distance of 33 feet on either side of said section line from the said common corner of the four sections hereinbefore mentioned to the intersection of the section line aforesaid with the west boundary of the village of Minnewaukan, Benson county, North Dakota, and for a distance of 33 feet on the north side of said section line from the point of such intersection with the west boundary of Minnewaukan to the place of intersection of the said section line with the meander line aforesaid."

The appellant Huffman, who is the owner of the southwest quarter of section 10 and the west half and certain outlots in section 15, appealed from such order to the district court of said county, as provided by law. In his notice of appeal he asserted that the proceedings before the board of supervisors were invalid for certain alleged defects in the petition, and want of jurisdiction in the board to lay out that part of the highway which adjoined, and formed the boundary line of, the village of Minnewaukan.

Appellant did not, however, content himself by merely assailing the jurisdiction of the board of supervisors. In the notice of appeal he asked that, in event the objections to the jurisdiction were overruled," a trial of said cause be had anew in the district court. "(1) On the necessity of establishing such highway; (2) on the question of the abandonment of said highway; (3) on the question of damages sustained

by appellant; and as further grounds for appeal asks that, upon such trial, he be allowed damages in the sum of $1,000."

The trial court entered judgment: "That the strip of land extending for 2 rods on either side of the section line between sections 10 and 15 of township 153, north of range 67 west of the fifth principal meridian, in so far as the same is without the incorporated limits of the village of Minnewaukan, is now and since the year 1871 has been a public highway;" and directed that the proceeding be dismissed. This appeal is from such judgment.

On this appeal it is urged that the trial court erred in refusing to reverse the order of the board of supervisors. It is first contended that such order was invalid for the jurisdictional reasons above referred to. While these objections are referred to in the notice of appeal, the record before us does not show that they were in fact presented to the district court except in so far as the reference thereto in the notice of appeal presented them. And while the trial judge refers to these objections in his memorandum decision he refrains from ruling thereon. Of course if the jurisdictional objections had been well taken, there would have been no occasion to take evidence on the merits of the controversy. But a transcript of the proceedings had in the district court has been certified to this court, and it appears therefrom that the parties proceeded to trial and adduced evidence relating to the three questions on which a trial on the merits was requested without the appellant, Huffman, in any manner, either raising or reserving the jurisdictional objections. In these circumstances, it is somewhat doubtful if these objections can be urged now. It seems rather that these objections were waived (37 Cyc. 130), and that the parties elected to try the controversy on its merits. However, we find it unnecessary to determine whether these objections may be now urged; and, if so, whether there is any merit in them.

The evidence in this case shows that the greater portion of the section line in controversy was in actual use and traveled by the public generally as a highway for some nine or ten years. About eight or nine years ago, right of way for a highway was procured on the quarter line lying half a mile south of the section line involved here. The highway on the quarter line was a continuation of one of the streets in the village, and ran to the section line lying immediately west,—something less than

half a mile distant, which section line forms the western boundary line of the village. The highway on the quarter line was never laid out by any board having jurisdiction to so do, but it has been traveled by the public. Sometime after travel began over such quarter line, the then owner of the lands adjacent to the section line in controversy, here, in constructing a pasture, put a fence across the section line, and it has not since been traveled.

There is no contention that any proceedings were ever instituted before any board having jurisdiction to vacate the highway on the section line. Under the evidence there is no question but that it is entirely practicable to construct a highway on the section line in controversy.

It is true there is another road running out of the village of Minnewaukan only about one-half mile south of the road which is involved in this proceeding. But this former road connects with the section line running south from the common corner of sections 9, 10, 15, and 16; and the evidence shows that there is a hill on this section line, and that the result is that the grade is not as favorable for the hauling of loads over the former road as it will be over the road involved in this proceeding. Whatever difference of opinion may exist as to whether any proceedings are necessary to *open* a highway on a section line (and upon this we express no opinion), there can be no question but that no proceedings are necessary to *establish* a highway on a section line. In other words, we believe that the territorial legislature (Laws, Dakota Territory 1871, chap. 33), by accepting the Federal grant (U. S. Rev. Stat. § 2477, Comp. Stat. § 4919, 8 Fed. Stat. Anno. 2d. ed. p. 785) *established* a system of highways upon all the section lines in the state, as far as it is practicable to use them for highway purposes. See Wenberg v. Gibbs Twp. 31 N. D. 46, 153 N. W. 440; Koloen v. Pilot Mound Twp. 33 N. D. 529, L.R.A.1917A, 350, 157 N. W. 672; Faxon v. Lallie Civil Twp. 36 N. D. 634, 163 N. W. 531. The rights acquired by the acceptance of the Federal grant by the territorial legislature have not been surrendered by subsequent legislation. Faxon v. Lallie Civil Twp. supra. Hence, in so far as the order of the board of supervisors attempted to locate and establish a highway along the section line, their action was entirely superfluous. No action was necessary to locate or establish a highway, unless it became necessary to deviate from the section line. Inasmuch as it is undisputed that it is entirely practicable

to use the section line for highway purposes, a public highway was unquestionably located and established on such section line by virtue of the legislative acceptance of the Federal grant. The highway so established has never been vacated, and still exists. Hence, the appellant could in no manner be prejudiced by the action of the board of supervisors in so far as it attempted to *establish* a highway where one was already established.

In this case, the evidence shows that the highway had in fact been *opened* and utilized by the public generally for a period of some nine or ten years. During this time, the then owner of the land apparently made no objection whatever to the travel thereon. Apparently it was recognized by all as a public highway duly opened for travel. As already stated, it is conceded that the highway has never been vacated by any board having jurisdiction so to do. While a highway cannot be *established* or *created* by user for a less period than that prescribed by law as sufficient to create a highway by prescription (Burleigh County v. Rhud, 23 N. D. 362, 136 N. W. 1082; Koloen v. Pilot Mound Twp. 33 N. D. 529, L.R.A.1917A, 350, 157 N. W. 652), it does not follow that a highway which has been legally established may not be opened by public user for a sufficient length of time to impress it with the characteristics of a highway. It is a maxim of the common law,—"once a highway, always a highway."

Under the facts in this case, we believe that the trial court was right in concluding, as it did, that a highway had been established over the section line in controversy by virtue of the legislative acceptance of the Federal grant, and that such highway still exists.

Affirmed.

Robinson, Ch. J. (concurring specially). This case presents an appeal from an order opening a section line highway. By the statutes of the United States, and of this state, and by universal custom, the land for two rods on each side of a section line is a highway and the public have a right to use the same as a highway without any order opening it.

The question is so well settled there is no occasion for discussing it. Hence appellant had no right to fence or obstruct the section line highway, and the township supervisors had a right to open it without any petition.

Judgment affirmed.