THE HILLSBORO NATIONAL BANK, a banking corporation, organized under the laws of the United States, Appellant, v. JOSEPH ACKERMAN, JOHN DAVIS, and JOHN HOGLUND, as the Township Board of Supervisors of Buxton Township, in Traill County, North Dakota, Respondents.

(189 N. W. 657.)

Judgment — former judgment against predecessor in title held res adjudicata in matter involving highway.

1. The appellant's contention, with reference to the application of the principle of res judicata, for reasons stated in the opinion are sustained.

Highways — evidence held to disclose establishment of highway by right of prescription.

2. It is *held* that the evidence discloses that a certain road, to which reference is made in the opinion as "The old road," has become an established highway by right of prescription.

Highways — all section lines held to have become public highways from time of congressional grant.

3. All section lines, under the grant of congress of 1866, § 2477, Revised Statutes U. S. (U. S. Comp. Laws, § 4119) having been accepted by chap. 33, Laws of Dakota Territory 1871, became public highways from the time of the congressional grant.

Opinion filed June 14, 1922. Rehearing denied July 7, 1922.

Appeal from the judgment for costs and the dismissal of a temporary restraining order, *Cole*, J.

Judgment reversed.

*Theo. Kaldor,* for appellant.

"The rule is unquestioned, that a judgment of a court of competent jurisdiction, upon the merits of a controversy, is conclusive between the parties, and those in privity with them, upon every question of fact in issue, and determined in the action." Am. & Ency. of Law, Vol. 24, p. 765, (2nd ed.) ; Jacobson v. Miller, 41 Mich. 90, 1 N. W. 1013.

"This estoppel extends not only to every material fact within the issue, which were expressly litigated and determined, but also to those matters which, although not expressly determined, are comprehended and involved in the thing expressly stated and decided. Hence, it is not necessary to the conclusiveness of a former judgment that issues should have been taken upon the precise point concluded in the second action. Any conclusion which the court or jury must evidently have arrived at, in order to reach the judgment or verdict rendered, will be fully concluded." Am. & Eng. Ency. of Law, Vol. 24 p. 766, (2nd ed.) ; Fla. Cent. R. Co. v. Schutte, 103 U. S. 118; Conklin v. Wehrman, 43 Fed. Rep. 12; Reed v. Cross, 116 Cal. 473; Mowry v. Wareham, et al., 101 Ia. 28, 69 N. W. 1128; School Dist. No. 28 v. Stocker, 42 N. J. L. 115.

"Where a judgment is necessarily based on certain premises, such premises are equally conclusive in a subsequent action, between the same parties, as the judgment itself." Shelly v. Creighton, 91 N. W. 369; Blake v. Ohio River R. Co. 47 W. Va. 520.

*I A. Acker,* for respondent.

Grace, J. This is an action by plaintiff against the defendants as the board of supervisors of Buxton township, to restrain them from trespassing on its premises, S. E. ¼ of section 21 and S. W. ¼ of section 22, township 148, range 51, in Buxton township, Traill county, and from commencing to plow and grade a new road on plaintiff's land about 80 feet, more or less, north of a certain other highway on the south side of plaintiff's land, and to compel defendants to replace certain pasture fence along the road which it is alleged they removed; to fill certain ditches made by them on plaintiff's land to level out the grade and to put plaintiff's premises in the same condition as it was before the alleged trespass. A trial de novo in this court has been demanded.

It is the claim of plaintiff that there has been a public road immediately south of the premises above described which has been traveled and worked and used continuously since 1889. It is further his claim that on the 11th day of July, 1904, in the district court of Traill county, in a case in which Ambrose Sauer, the then owner of the premises, was plaintiff, and Buxton township, defendant a trial was had between them and a judgment entered by the court definitely fixing and establishing the then traveled road on the south side of the premises as a public highway on the section line south of the premises. The defendants do not deny the entry of the judgment, but claim that the judgment entered did not definitely fix the highway on the section line. Defendants further deny that this had been a public highway, traveled and worked as such, and used for travel continuously since 1889. The minutes of the board of supervisors of Buxton township show that a motion was made and seconded by members of that board on June 29, 1886, that all section lines in the township be and are hereby declared open, and that the motion carried. It must be presumed at or about that time, the board entered an order to that effect.

In the fall of 1920, defendants graded a new road, as they claim, on the section line south of plaintiff's premises; that for the purpose of definitely establishing the true and correct location of the section line, the county engineer of Traill county, Ernest Johnson, was employed; that he determined the true location of the section line according to the original survey and prepared a plat thereof; that defendants proceeded to grade the public highway along the section line; that plaintiff was notified by the defendant that a highway would be established along the section line, and to remove any obstructions in the form of fences, which plaintiff did not do; that defendants removed the same and proceeded to grade a public highway on the section line, all of which was known to the plaintiff, and which he did not bring any proceedings to restrain. Defendants deny that the section line so graded is the property of plaintiff, and state that the highway is constructed and built upon the section line according to the original government survey. Defendants further claim that plaintiff had knowledge of these facts and, not having brought any action to restrain the building of a highway, is guilty of laches; that at the time of the commencement of the action, the court issued a temporary restraining order which was served upon the defendants.

Upon the trial, judgment was entered dismissing the action, and de-

fendants were allowed judgment for costs. Plaintiff (the appellant here) has arranged in his brief the discussion of the facts and the assignments of error under four subdivisions. We will adopt that order in our analysis of the question presented. The appellant claims that the judgment of the trial court should be reversed for the reasons:

(1) That the issue in the present action is res judicata, in that it was wholly and finally decided in an action in the district court of Traill county, which judgment is made a part of the complaint.

(2) That the old road was laid out and traveled for more than 30 years, and is located upon the section line in question.

(3) That if the old road is not located on the section line, it was originally laid out by the township board of said Buxton township where now located, and has for more than 30 years been traveled, graded, and considered by everybody as the section line road, and that until the commencement of this action the respondents treated it as the section line road and acquiesced in the location of the same as such, and now are estopped from questioning it.

(4) That plaintiff and appellant, as soon as he learned that defendants and respondents attempted to change said road, took immediate steps to prevent the same by asking the court for a restraining order. Plaintiff became the owner of the premises in 1915.

We think it not necessary to state further the claims or facts of the case. Sufficient has been stated to give an understanding of the issues presented.

As to the plea of res judicata, we are of the opinion that it is available to the plaintiff. It seems that in 1904, the then owner of this land brought an action against the township board of Buxton township, claiming in effect that without authority it had graded and maintained a highway upon the land, and deprived him of the use of six acres thereof; he further claimed that the value of the use thereof and his damages amounted to $288. He demanded judgment for that amount, and that defendants repair the damages done to the land through the grading, that the land be placed in the same condition it was before a highway or grade was made, and that they be restrained from continuing the use thereof.

The defendants in that case, the township board, pleaded that the highway in question was on the section line on the south of the land. Its answer in that respect is as follows:

"That the highway in question is located on the section line in ac-

cordance with the United States government survey of said lands and the establishing mounds thereof, and was and is practicable for highway purposes. That the said highway is a public road and has been used for such for more than 22 years prior to the commencement of this action, and is so established as such highway by operation of law. That all work and labor in grading upon such public road was for the purpose of constructing and maintaining the same in the usual course of repairing and maintaining the public roads, and not otherwise, and does not exceed in width 33 feet along said section line on the south side of said described tract of land."

The parties of that action also entered into the following stipulation:

"The defendants are to take judgment against the plaintiff, establishing the road as now located, and graded permanently for the use of a highway, without further dispute or controversy between either of the parties hereto, the defendants agreeing to pay their own costs in the case, and the plaintiff to pay the costs that he incurred in maintaining his action. The action in all other respects being fully settled and disposed of, the judgment to remain in the same force and effect as if under verdict of the jury finding for defendant."

In accordance with the stipulation, the court entered the following judgment, which, so far as material here, reads:

"It is hereby considered, ordered, and adjudged that the government mound and section corner on the south section line between section 21 and section 22, in township 148, north, range 51 west of the Fifth principal meridian, in West Buxton township in the county of Traill and state of Norh Dakota, be and the same is hereby established in the center of the graded road for public travel at the said corner of said sections, and as located when the said public road was located and graded by the board of supervisors of said Buxton township in the year A. D. 1888, and the graded public road along the south side of the southwest quarter of said section No. 22, and the south side of the southwest quarter of said section No. 21, in said township and range as now located and graded, be and the same is hereby permanently established as a public road and highway for public uses and travel, and to be used as such, as if laid out and established by due process and legal proceedings, and all damages had been paid in full therefor. That all matters in dispute between the parties to the said action be and are hereby settled and adjusted under the agreement of the parties, and stipulation therefor, and that the judg-

ment herein be entered without the taxation of costs to either parties in said cause."

The principal issue presented in that case was whether the road then in controversy was located on the section lines south of plaintiff's land. The effect of the stipulation that defendant take judgment establishing the road as then located was to concede the truth of the allegation of the answer, alleging that the road was on the section line; he permitted a judgment to be entered to that effect. The present plaintiff succeeded directly to the interest in the land of the plaintiff in the prior suit. If he were endeavoring to do so, we do not think he would be in a position to question the location of the section lines as conceded by his predecessor. We think he would be bound by that determination where, under the stipulation, judgment was entered locating it where the road in question in that suit was situated. We think that the township board, as the successors of the township board at the time of the former litigation, are in no position at this time to question the location of the section lines as determined in the former litigation. In effect the present litigation is between the same parties as the prior, and refers to the same subject-matter. It is, we are fully convinced, res judicata. It is not shown that the judgment was procured or entered by fraud.

In conclusion, it may be observed that there can be no doubt that section lines are public roads. Section 1920, C. L. They may be opened upon compliance with that section and other relative laws by those having jurisdiction to do so, and who are specified in § 1921, C. L., and this without any survey being had, except where necessary by variations caused by natural obstacles.

Congress in 1866, by § 2477, Revised Statutes U. S. (U. S. Comp. St. § 4919), granted the right of way for the construction of highways over public lands not reserved for a public use, and this grant was accepted by the state of North Dakota (chap. 33 of the Laws of 1871). It has been determined that such grant when accepted by this state became a grant in præsenti; that all section lines in the territory of Dakota, so far as practicable, became by operation of law public highways; that the highways thus established on section lines have never since been vacated or the right of the public in them in any way surrendered. These and relative questions have been so frequently and ably discussed in prior decisions of this court that it is wholly unnecessary here to enter into any further discussion of them. See Township v. Skauge, 6 N. D. 382, 71

N. W. 544; Faxon v. Civil Township of Lallei, 36 N. D. 634, 163 N. W. 531, and other decisions of this court cited in those cases; Huffman v. Board of Supervisors (N. D.) 182 N. W. 459. The case of Faxon v. Civil Township of Lallei was appealed to the Supreme Court of the United States, and the judgment of this court affirmed. 250 U. S. 634, 39 Sup. Ct. 491, 63 L. ed. 1182.

Plaintiff's contention that the old road is an established highway by right of prescription is also sustained by the proof. The statutory right of establishing a highway by description does not now exist; it did exist prior to the passage of chap. 112 of of the Laws of 1897. That act repealed former statutes on that subject. None since have been enacted. If a highway may be now established by prescription, it is by reason of the common law. Burleigh County v. Rhud, 23 N. D. 366, 136 N. W. 1082. Assuming that the right under the common law now exists, has plaintiff shown the old road to have been established for 20 years or more since the enactment of chap. 112? We think he has. It is more than 20 years since 1897 until this action was commenced, and the evidence shows continuous user by the public during all that time and more, so it may be conceded that, measured by the rule of common law, the old road is a legally established highway by right of prescription.

We find it unnecessary to discuss any further assignments of error, since it is clear that the judgment appealed from must be reversed; it is reversed. The case is remanded to the trial court for further proceedings not inconsistent with this opinion. The appellant is entitled to its costs and disbursements on appeal.

BIRDZELL, C. J., and ROBINSON, and BRONSON, JJ., concur.

CHRISTIANSON, J. (concurring). I agree with the conclusion reached in the opinion prepared by Mr. Justice Grace upon the questions of res judicata. The principal question in this case is: Where is the public highway heretofore established upon the section line running along the south side of the southeast quarter of section 21 and the southwest quarter of section 22, township 148, range 51, in Traill county, in this state, located? The public highway upon said section line was established by the acceptance of the congressional grant by the territorial legislature. Huffman v. Board of Supervisors (N. D.) 182 N. W. 459. The ques-

tion as to where the highway so established upon such section line is located was actually and directly in issue in a former suit and was there judicially· passed upon and determined by a court of competent jurisdiction. The judgment entered in· such former suit is conclusive so far as concerns the parties to that action and persons in privity with them. 23 Cyc. 1215.

· I express no opinion as to whether a highway was or was not established by prescription.

## On Petition for Rehearing

PER CURIAM. In a·petition for rehearing filed by the defendants, it is claimed that this court gave undue effect to the judgment rendered in the former action. It is claimed that that case only involved the highway on the south side of the southwest quarter of section 22 and did not involve the highway on the south side of the southeast quarter of section 21. It is also contended that the judgment in that case merely established the graded portion of the highway there in question as a highway, and that other portions which were not graded were unaffected by the judgment in the case. We are unable to give any such limited effect to that judgment. The complaint in that action stated that the plaintiff was the owner of the southeast quarter of section 21 and the southwest quarter of section 22 in township 148 north of range 51 west in Buxton township in Traill county; and that for some 15 years prior to the commencement of the action the defendant township had "unlawfully and without the consent of the plaintiff, and against his will, graded and maintained a highway upon plaintiff's land above described; the said highway being located on said premises as follows, to wit, commencing at a point two rods north from the point where the quarter line intersects the section line at the southwest corner to the southeast quarter of said section 21, thence in a straight line to a point four rods north of the point where the section lines at the southwest corner of the southwest quarter of said section 22 intersect each other, thence in a straight line to a point two rods north of the point where the quarter line and section line by the southeast corner of the southwest quarter of said section 22 intersect each other."

The following plat shows the tract of land described:

The complaint further alleges:

"That on account of the defendant so grading and maintaining such highway, the plaintiff has been deprived of the use of the land upon which the said highway runs, to wit, six acres. That the use of said six acres and the damage thereto caused by the grading and maintaining such highway by the defendant is of a reasonable value of $288."

The answer in the case averred that the two tracts of land in question were surveyed by the United States government in 1873, and that—

"The highway in question is located on the section lines in accordance with the United States government survey of said lands and the established mounds thereof."

Also:

"That the said highway is a public road, and has been used for more than 22 years prior to the commencement of this action, and is so established as such highway by operation of law. That all work and labor in grading upon such public road was for the purpose of constructing and maintaining the same in the usual course of repairing and maintaining the public roads, and not otherwise, and does not exceed in width 33 feet along said section line, on the south side of the said described tracts of land."

These were the issues as framed by the pleadings. The judgment

entered in this case specifically adjudged that—

"The government mound and section corner on the south section line between section 21 and section 22, in township 148 north, range 51 west of the Fifth principal meridian, in West Buxton township, in the county of Traill and state of North Dakota, be and the same is hereby established in the center of the graded road for public travel at the said corner of said sections, and located when the said public road was located and graded by the board of supervisors of said Buxton township in the year A. D. 1888, and that the graded public road along the south side of the southwest quarter, of said section No. 22, and the south side of the southeast quarter of said section No. 21, in said township and range, as now located and graded, be and the same is hereby permanently established as a public road and highway for public uses and travel and to be used as such, as if laid out and established by due process and legal proceedings."

According to the contention of the defendants, the judgment should be deemed to relate only to that portion of the highway on the south side of the two quarters which was actually graded at the time the judgment was entered. And evidence was adduced tending to show that the only part of the road which was graded at the time was where it crossed a slough or depression. If the judgment is given the effect contended for, it was an idle ceremony to enter it. It will be noted that the complaint alleged that a highway had been "graded and maintained" for the whole distance along the southside of the two quarters, and the judgment purports to establish and definitely locate the public highway on the south side of the southeast quarter of section 21, as well as on the south side of the southwest quarter of section 22. To hold that the judgment did not include the highway on the south side of the southeast quarter of section 21 would be to ignore the recitals in the judgment itself.

Rehearing is denied.

BIRDZELL, C. J. and BRONSON, CHRISTIANSON, GRACE and ROBINSON, JJ., concur.