Kenneth HARTLIEB and Kristi Hartlieb, Plaintiffs and Appellants,

v.

SAWYER TOWNSHIP BOARD, Defendant and Appellee.

Civ. No. 10865.

Supreme Court of North Dakota.

April 24, 1985.

Steven L. Latham [argued], of Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for plaintiffs and appellants.

Andrew R. Tossett [argued], of Tossett & Balerud, Minot, for defendant and appellee.

GIERKE, Justice.

Kenneth Hartlieb and Kristi Hartlieb, plaintiffs and appellants, appeal from a summary judgment dismissing their action against the defendant and appellee, Sawyer Township Board [the Township]. We reverse and remand.

The dispute in the instant case involves a road which runs through the Hartliebs' property. The road is located between Sections 3 and 4, Township 153 North, Range 81 West of the Fifth Principal Meridian, in Ward County, North Dakota. It crosses the section line at two points. The Hartliebs assert that the road in question was two-tire tracks wide with grass growing between the tracks prior to the Township's grading, which resulted in a widening of the road to accommodate two vehicles. The road is currently being used in part for access to a residence which was built on an adjoining section.

The Hartliebs commenced an inverse condemnation action against the Sawyer Township Board, contending that the Township had taken an easement for right-of-way purposes over the Hartliebs' property and that the Township's actions constituted a taking of a portion of their property without just compensation. The Township responded by alleging, *inter alia*, that: (1) the road in question lies along a section line and, as a result, is considered a public road pursuant to § 24-07-03, North Dakota Century Code; or (2) the road is a public road because it has been established by prescription, pursuant to § 24-07-01, N.D.C.C.

The Township requested the district court to grant summary judgment in its favor. The district court granted the Township's motion, declaring the road in question to be a public road which has been established by prescriptive use. The Hartliebs appeal from the judgment of the court issued on September 20, 1984.

The issue for this court is the propriety of the district court's granting of summary judgment.

Summary judgment should be granted only if it appears that there are no genuine issues of material fact and that the party seeking summary judgment is entitled to it as a matter of law. *Security State Bank v. Schultz*, 350 N.W.2d 40, 42 (N.D.1984). In reviewing the granting of summary judgment, the evidence should be examined in a light most favorable to the party against whom summary judgment is sought. *Allegree v. Jankowski*, 355 N.W.2d 798, 800 (N.D.1984).

The bulk of the evidence in the instant case consists of affidavits submitted in support of and in opposition to the defendant's motion. The court may consider such affidavits in addition to the pleadings, depositions, admissions, and interrogatories in determining whether or not summary judgment is appropriate. *Gowin v. Hazen Memorial Hosp. Ass'n*, 349 N.W.2d 4, 8 (N.D.1984).

We conclude, after examining the record in a light most favorable to the Hartliebs, that several unsettled factual issues exist which are material to a resolution of the Hartliebs' cause of action against the Township. The affidavits are replete with inconsistencies on a number of matters, including the circumstances under which the road has been traveled.

The basic requirements for establishing a road by prescription are set forth in *Backhaus v. Renschler*, 304 N.W.2d 87, 89 (N.D.1981):

1. General, continuous, uninterrupted, and adverse use of the road
2. By the public under a claim of right
3. For a period equal to that for the limitation of real actions, *i.e.*, twenty years (*see* §§ 28–01–04 and 28–01–07, N.D.C.C.)

The affidavits submitted in support of the Township's position state that the road has been used by the public for over twenty years. However, the affidavits presented by the Hartliebs declare that any use of the road has been permissive rather than hostile or adverse. Counsel for the Township asserts in his brief that the Hartliebs' commencement of this suit "would certainly be testimony in and of itself that would speak of hostile and adverse use by Sawyer Township of the land owned by others before the present owner, who could have voiced the same complaints, but did not". Whether or not such use has been permissive is an essential element in establishing a road by prescription. *Backhaus, supra* 304 N.W.2d at 89. In view of this factual dispute, it was an error for the district court to grant summary judgment declaring the road to be a public road established by prescription.

Additionally, there is a conflict over the location and condition of the road. The parties do not agree on the position of the road. Further, the parties' affidavits dispute whether or not the road has been graded by the Township. Grading or maintenance has a marked effect on the road's width, and width, in turn, is a necessary determination in conjunction with declaring this road a public road. *See Keidl v. Rask*, 304 N.W.2d 402, 403 (N.D.1981). The road's width is also vital in analyzing whether or not the Township has taken a portion of the Hartliebs' property without paying just compensation. The issue of "taking" is a genuine issue of material fact essential to the resolution of this action against the Township. It is entirely possible that additional factual issues not raised in this opinion will arise in resolving the "taking" dispute.

Accordingly, we conclude that the trial court's granting of summary judgment in the instant case was in error. The summary judgment is reversed and the case is remanded for a determination of the factual issues discussed herein and a trial on the merits.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.