2006 ND 48

Melvin FISCHER and Antonia Fischer, Plaintiffs and Appellants

v.

Adam P. BERGER, Clara Berger, Ronald G. Berger, and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon, the property described in the Complaint, Defendants

Ronald G. Berger, Defendant and Appellee.

No. 20050182.

Supreme Court of North Dakota.

Feb. 28, 2006.

Lawrence R. Klemin (argued) and David D. Schweigert (on brief), Bucklin, Klemin & McBride, Bismarck, ND, for plaintiffs and appellants.

Thomas D. Kelsch, Kelsch, Kelsch, Ruff & Kranda, Mandan, ND, for defendant and appellee.

MARING, Justice.

[¶ 1] Melvin and Antonia Fischer appeal from a judgment dismissing their quiet title action against Ronald Berger seeking a prescriptive easement for a road across Berger's land and damages. We conclude the district court did not clearly err in finding Fischers failed to prove their use of a trail across Berger's land was adverse. We affirm.

I

[¶ 2] Berger and his predecessors in interest ("Bergers") own the north half of the north half of a section of land in Mor-ton County which is situated between two separate tracts of land owned by the Fischers and their predecessors in interest ("Fischers"). The Fischers' tracts of land consist of the south half and the south half of the north half of the land in the same section owned by the Bergers, and the southeast quarter of a section immediately to the northwest of the Bergers' land. The section line connecting the Fishers' two tracts of land is not passable, and since at least 1947, the Fischers have used a trail across the Bergers' land to move between their two tracts of land. In the 1950s, the Fischers and the Bergers had a disagreement about the location of the property line between their tracts of land in the same section. The property was surveyed, and each owner erected a fence on their side of the property line, with a gate in each fence where the trail was located. The fences were about three feet apart. The Bergers also erected a fence and a gate on the north property line adjacent to the Fischers' land. In 1960, the Bergers notified the Fischers they were not to use the gates and trail for access across the Bergers' land. However, the Fischers continued to use the gates and the trail across the Bergers' land from 1960 to 1975.

[¶ 3] In 1975, the Bergers locked the gate on the south fence line after Melvin Fischer repeatedly failed to close the gate. The Fischers complained to the Morton County Commission, and in 1976, the Commission surveyed the trail and installed cattle guards on the property line between the Fischers' property and the Bergers' property. The cattle guards were located next to the wire gates in each of the fences. Although an easement for the trail was prepared, the Bergers did not sign the easement. The Fischers continued to use the trail from 1976 until 2000 when the Bergers locked the gates. The Bergers

subsequently removed the cattle guards and gates.

[¶ 4] In 2003, the Fischers sued the Bergers, claiming a prescriptive easement for a right-of-way over the land now owned by Ronald Berger. The Fischers claimed an easement by prescription to use the trail over the Bergers' land for access between their two tracts of land immediately to the northwest and to the south of the Bergers' land. The Fischers alleged they had used the trail on the Bergers' land for more than 20 years to travel between their parcels of land. The Fischers sought a prescriptive easement for a right-of-way across the Bergers' land and damages for loss of access between their two tracts of land. The Bergers denied the Fischers had a prescriptive easement for a road across their land.

[¶ 5] After a bench trial, the district court found the Fischers had proven continuous and uninterrupted use of the trail for more than 20 years. However, the court further found the Fischers had failed to establish their use of the trail was an adverse use. The court decided the Bergers had allowed the Fischers permissive use of the trail and not an adverse use. The court concluded the Fischers were not entitled to a prescriptive easement and dismissed their complaint.

## II

[¶ 6] The Fischers argue the district court erred in determining they were not entitled to a prescriptive easement for a road across the. Bergers' land. They argue the court clearly erred in finding they failed to prove their use of the trail across the Bergers' land was adverse. They argue the evidence established their use of the trail was adverse, or the Bergers had acquiesced in the Fischers' use of the trail.

## A

[¶ 7] Under North Dakota law, a use of land creates an easement by prescription if the use is adverse, continuous and uninterrupted, and for the 20 year period of prescription. *Gajewski v. Taylor*, 536 N.W.2d 360, 362 (N.D.1995); *Nagel v. Emmons County Water Res. Dist.*, 474 N.W.2d 46, 48 (N.D.1991). Except for the requirement of public use for establishing a road by prescription, that approach is consistent with the requirements for establishing a road by prescription under N.D.C.C. § 24–07–01, which requires the general, continuous, uninterrupted and adverse use of a road by the public under a claim of right for 20 years. *Hartlieb v. Sawyer Twp. Bd.*, 366 N.W.2d 486, 488 (N.D.1985); *Mohr v. Tescher*, 313 N.W.2d 737, 739 (N.D.1981); *Backhaus v. Renschler*, 304 N.W.2d 87, 89 (N.D.1981); *Berger v. Berger*, 88 N.W.2d 98, 100 (N.D. 1958).

[¶ 8] Here, the primary disagreement between the parties is whether the Fischers' private use of the trail was adverse or permissive. The determination whether or not there has been an adverse use is a question of fact subject to the clearly erroneous rule of N.D.R.Civ.P. 52(a). *Hartlieb*, 366 N.W.2d at 488; *Mohr*, 313 N.W.2d at 739; *Backhaus*, 304 N.W.2d at 90. A finding of fact is clearly erroneous if there is no evidence to support it, if, on the entire record, a reviewing court is left with a definite and firm conviction a mistake has been made, or if the finding was induced by an erroneous application of the law. *Brandt v. Somerville*, 2005 ND 35, ¶ 12, 692 N.W.2d 144. A choice between two permissible views of the weight of the evidence is not clearly erroneous. *Id.* On appeal, this Court does not reweigh conflicts in the evidence, and we give due regard to the district court's

opportunity to judge the credibility of the witnesses. *Id.*

■ [¶ 9] The district court found the Fischers' use of the trail was not adverse and instead was permissive based, in part, on the fences and gates on the property line leading to the trail. The court cited *Berger*, 88 N.W.2d at 100–04, to support its determination that the fences and gates across the trail were strong indications the use was permissive and evidenced an intent by the Bergers to assume and assert ownership and possession of the land over which the road ran. *See also Mohr*, 313 N.W.2d at 739–40 (holding existence of a gate across a road is indicative of permissive use); *Backhaus*, 304 N.W.2d at 89 (same). The court also cited other factual circumstances to support its determination of a permissive use, including that the Bergers did not sign the easement in 1976, the Bergers continued to allow the Fischers to use the trail, and the Bergers threatened to withdraw permission to use the trail if the Fischers did not close the gates. The court found the Fischers did not prove adverse use of the trail and failed to establish they were entitled to an easement over the Bergers' land.

[¶ 10] We conclude there is evidence to support the district court's finding there was no adverse use of the trail. On appeal, we do not reweigh conflicts in the evidence, and we give due regard to the district court's opportunity to judge the credibility of the witnesses. *Brandt*, 2005 ND 35, ¶ 12, 692 N.W.2d 144. We are not left with a definite and firm conviction the court made a mistake in finding no adverse use. We therefore conclude the court's finding is not clearly erroneous.

B

■ [¶ 11] Relying on *James v. Griffin*, 2001 ND 90, 626 N.W.2d 704, *Manz v. Bohara*, 367 N.W.2d 743 (N.D.1985), and *Production Credit Ass'n v. Terra Vallee,*

*Inc.*, 303 N.W.2d 79 (N.D.1981), the Fischers also argue they were entitled to an easement by prescription under the doctrine of acquiescence. They argue an easement by prescription may be acquired under the doctrine of acquiescence as well as by adverse possession.

■ [¶ 12] Our cases recognize the doctrine of acquiescence applies to the location of a boundary between adjacent property. *See James*, 2001 ND 90, ¶ 10, 626 N.W.2d 704; *Knutson v. Jensen*, 440 N.W.2d 260, 262 (N.D.1989); *Manz*, 367 N.W.2d at 746; *Ward v. Shipp*, 340 N.W.2d 14, 16–17 (N.D.1983); *Terra Vallee*, 303 N.W.2d at 83–84; *Trautman v. Ahlert*, 147 N.W.2d 407, 412 (N.D.1966); *Bernier v. Preckel*, 60 N.D. 549, 555–57, 236 N.W. 243, 246 (1931). The doctrine of acquiescence allows a person to acquire property when occupying part of a neighbor's land due to an honest mistake about the location of the true boundary, because the adverse intent requirement of the related doctrine of adverse possession could not be met. *Terra Vallee*, at 83–84.

■ [¶ 13] The American Law Institute recognizes that acquiescence does not apply to servitudes created by prescription, because modern prescriptive doctrine is based on theories of acquisitive prescription and the running of the statute of limitations, and because acquiescence of the owner cannot be distinguished from permission of the owner, which is fatal to a claim for prescriptive use. *Restatement (Third) of Prop.: Servitudes* § 2.17 cmt. g (2000) (citing *Restatement (Third) of Prop.: Servitudes* § 2.16(1) (2000)). We agree with the rationale that for purposes of acquisitive prescription, acquiescence of an owner cannot be distinguished from permission of an owner. Because permission of an owner is fatal to a claim of prescriptive use, we conclude the doctrine of acquiescence is not applicable to a claim

for an easement by prescription for a trail across another's property. We therefore reject Fischer's claim that they were entitled to an easement by prescription under the doctrine of acquiescence.

### III

[¶ 14] The Fischers also argue the district court clearly erred in finding they were not entitled to damages. The Fischers' damage claim is dependent upon their claim for a prescriptive easement, and because of our resolution of that issue, we conclude the court did not err in finding they were not entitled to damages.

### IV

[¶ 15] We affirm the judgment dismissing the Fischers' claim for a prescriptive easement.

[¶ 16] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., and ZANE ANDERSON, District Judge, concur.

[¶ 17] The Honorable ZANE ANDERSON, District Judge, sitting in place of SANDSTROM, J., disqualified.