2012 ND 258

**Ralph HOWARD and Patricia Howard, Plaintiffs and Appellees**

v.

**William K. TROTTER and Carla K. Trotter, Keven Buehner and Cheryl Buehner, and Cody Buehner, Defendants.**

**William K. Trotter and Carla K. Trotter, Kevin Buehner and Cheryl Buehner, Appellants.**

No. 20120221.

Supreme Court of North Dakota.

Dec. 18, 2012.

Charles R. Isakson, Bismarck, N.D., for plaintiffs and appellees.

Michael J. Maus, Dickinson, N.D., for defendants and appellants.

MARING, Justice.

[¶ 1] William and Carla Trotter and Kevin and Cheryl Buehner appeal from a judgment declaring Trotter Road a public highway and awarding Ralph and Patricia Howard damages. We conclude the trial

court did not clearly err in finding a public road existed and awarding the Howards damages. We affirm the judgment, but we remand for entry of an amended judgment consistent with this opinion.

I

[¶ 2] In 1984, the Howards purchased the E 1/2 NW 1/4 and the W 1/2 NE 1/4 of Section 12, Township 146, Range 94 West, Dunn County. In 2006, the Trotters purchased Section 1, Township 146, Range 94 West, Dunn County immediately to the north of the Howards' land. Prior to the Trotters' purchase of Section 1, Frieda Buehner owned Section 1, but leased the land to Gene Buehner.

[¶ 3] The road in dispute, also known as "Trotter Road" runs from the western edge of Section 12, along the southern edge of the Trotters' land, to the eastern edge of Section 12. The section line crosses two deep ravines making the section line impassable. Presently, at those ravines, Trotter Road deviates from the section line to the north entering the Trotters' land. Since 1984, the Howards have used Trotter Road to access their farmland. In 1986 or 1987, Gene Buehner built a dam along Trotter Road at the western most deviation. This was done because the road had frequently been washed away by high water traveling through the ravine. In the fall of 2009, the road had become increasingly narrow due to high water. The width of the road made it impossible for the Howards to access their farmland with heavy farm equipment, which had previously not been a problem. Also in the fall of 2009, the Trotters erected steel poles across Trotter Road further preventing the Howards from accessing their farmland.

[¶ 4] In March 2011, the Howards sued the Trotters and Buehners seeking injunctive relief and money damages. The How-ards alleged the Trotters and Buehners improperly denied them access to their farmland. They alleged that Trotter Road was a public highway, or in the alternative, the Howards had a right to access the road by a prescriptive easement. The Howards requested the obstructions be removed from Trotter Road, and the Trotters and Buehners be liable for damages as a result of obstructing the road.

[¶ 5] At trial, the Howards presented evidence that the Dunn County Board of Commissioners established Trotter Road as a public highway. They offered into evidence a certified copy of the petition and order establishing a public highway between Section 1 and 12. The Dunn County Board of Commissioners ordered the road to be 66 feet wide "beginning at the northeast corner of section 12–146–94 thence west one mile to the northwest corner of the same section and there ending." The Howards called numerous witnesses who testified that, as early as the 1940s, the section line deviated northward at the deep ravines. The Howards also offered into evidence a 1960 North Dakota Department of Transportation map that indicated Trotter Road was a primitive road. Gene Buehner testified that the installation of the dam did not change the location of Trotter Road, but merely raised the road level. Patricia Howard also testified that because the Trotters placed obstructions across Trotter Road, they were no longer able to access their pasture land. As a result, they were unable to remove their hay crop in 2009. She testified that they had to purchase additional hay and rent pasture land in 2009, 2010, and 2011.

[¶ 6] The trial court found Trotter Road to be a public highway as established by the Dunn County Board of Commissioners. Alternatively, the trial court found that if Trotter Road was not a public highway, then the Howards had proven

the elements of a prescriptive easement and were entitled to use and access Trotter Road. Lastly, the trial court awarded the Howards $20,000.00 in damages.

## II

[¶ 7] The Trotters and Buehners argue the trial court erred in declaring Trotter Road a public highway, or in the alternative, finding the Howards had a prescriptive easement for Trotter Road. The Trotters and Buehners argue the Howards failed to present evidence to show that, in 1927, the Dunn County Board of Commissioners order establishing the public highway included the northward deviations from the congressional section line. Therefore, they argue that the Howards failed to prove Trotter Road, as it presently exists, is a public highway.

[¶ 8] Whether a road is a public highway is a question of fact. *Fischer v. Berger*, 2006 ND 48, ¶ 8, 710 N.W.2d 886. A question of fact will not be reversed unless the finding is clearly erroneous. *Id.*

> A finding of fact is clearly erroneous if there is no evidence to support it, if, on the entire record, a reviewing court is left with a definite and firm conviction a mistake has been made, or if the finding was induced by an erroneous application of the law. *Brandt v. Somerville*, 2005 ND 35, ¶ 12, 692 N.W.2d 144. A choice between two permissible views of the weight of the evidence is not clearly erroneous. *Id.* On appeal, this Court does not reweigh conflicts in the evidence, and we give due regard to the district court's opportunity to judge the credibility of the witnesses. *Id.*

*Fischer*, at ¶ 8.

[¶ 9] "Every road laid out by the proper authorities, . . . hereby is declared a public highway to all intents and purposes." N.D.C.C. § 24-07-02. An order establishing a public highway "must be received in all courts as competent evidence of the facts therein contained and must be prima facie evidence of the regularity of the proceedings prior to the making of such order." N.D.C.C. § 24-07-15.

[¶ 10] The Howards offered into evidence a certified copy of the petition and order establishing a public highway 66 feet wide "beginning at the northeast corner of section 12-146-94 thence west one mile to the northwest corner of the same section and there ending." The trial court found, under N.D.C.C. § 24-07-15, the petition and order was evidence a public highway was established between the Howards' and Trotters' land. However, the Trotters and Buehners argue these documents did not establish a public highway along Trotter Road, specifically they did not prove whether the Dunn County Board of Commissioners contemplated and included the northward deviations in establishing the public highway.

[¶ 11] It has long been recognized by this Court that congressional section lines "are open to the public travel without the necessity of any prior [governmental] action." *See Small v. Burleigh Co.*, 225 N.W.2d 295, 300 (N.D.1974).

> It is established that the United States in 1866, by the passage of Section 2477, Revised Statutes, made an offer of section line easements on public land, and that the offer was accepted by the Territory of Dakota when it adopted Chapter 33, Laws of Dakota Territory, 1870–1871, codified as Chapter 29, Section 37 of the Political Code of 1877. *Walcott Township v. Skauge*, 6 N.D. 382, 71 N.W. 544 (1897); *Northern Pacific Railway Company v. Lake*, 10 N.D. 541, 88 N.W. 461 (1901); *Koloen v. Pilot Mound Township*, 33 N.D. 529, 157 N.W. 672 (1916); *Faxon v. Civil Township of Lallie*, 36 N.D. 634, 163 N.W. 531 (1917);

*Huffman v. West Bay Township*, 47 N.D. 217, 182 N.W. 459 (1921); and *Hillsboro National Bank v. Ackerman*, 48 N.D. 1179, 189 N.W. 657 (1922).

The 1871 legislation read:

"That hereafter all section lines in this Territory shall be and are hereby declared public highways as far as practicable; *Provided*, That they shall not interfere with existing highways . . . ."

The rights granted and accepted by the cited statutory provisions have never been surrendered. *Huffman v. West Bay Township, supra; Hillsboro National Bank v. Ackerman, supra.*

. . . .

No action by the county or township board is necessary to "establish" or "locate" a highway upon a section line, and any action purporting to locate or establish a highway upon a section line is superfluous. *Huffman v. West Bay Township, supra.*

It will be seen that action is required by a township or county board only if the "opening" of a highway upon a section line is different from and additional to "locating" and "establishing" a highway, and if such highways were not "opened" by the offer by the United States Government and the acceptance by the Territory of Dakota of section line easements.

*Small*, 225 N.W.2d at 296–97.

[¶ 12]   Here, the trial court followed the rationale set out in *Small:*

Because no proceedings are required to establish a section line road, it is the finding of the Court that one of the purposes, if not the only purpose, of the "Petition for County Road" and the Order in which the road was 'laid out' evidenced by Plaintiffs' Exhibit No. 4, was to establish a road along the section line in those areas where it deviated and

meandered off of the section line easement because of the terrain and natural obstacles in the area. While the Order laying out the road describes the road only as "[b]eginning at the northeast corner of Section 12–146–94 thence west one mile to the northwest corner of the same section and there ending" and does not contain a more definite description or survey, it is the finding of the Court that the Order was clearly intended to establish the road as it then existed including where it deviated and meandered off of the section line easement.

■  [¶ 13]   Under the statutory provisions of the North Dakota Century Code, a board of county commission is not required to hold a formal proceeding or order the establishment of a public highway along a congressional section line. *See* N.D.C.C. § 24–07–03 (stating in all townships' "congressional section lines are considered public roads open for public travel"). If a public highway is ordered along a section line by a county commission, it is necessary only to establish a public highway where deviations from the section line occur. *See Huffman,* 182 N.W. at 461.

■  [¶ 14]   Further, once established, a public highway may only be discontinued by the board of county commissioners in a formal proceeding. *See* N.D.C.C. § 24–07–04. There is no evidence in the record that Trotter Road has been formally discontinued by the Dunn County Board of Commissioners.

■  [¶ 15]   We conclude that the trial court's finding that the Dunn County Board of Commissioners actions established a public highway, 66 feet wide, "beginning at the northeast corner of section 12–146–94 thence west one mile to the northwest corner of the same section and there ending" including the northward deviations is supported by the record.

Therefore, we affirm the trial court's judgment.

[¶ 16] We remand, however, for entry of an amended judgment. The judgment decreed that "[t]he Plaintiffs are entitled to continued use of that highway or public road known as the 'Trotter Road[,'] ... on a prescriptive use bases, as necessary access for their farming operation." The judgment suggests the trial court found Trotter Road is a public road by prescription. However, the memorandum opinion and findings of fact clearly establish that the trial court found Trotter Road to be a public highway based on the actions of the Dunn County Board of Commissioners. We remand for the trial court to amend the judgment by removing any language that Trotter Road is a public road by prescription and including language that Trotter Road is a public highway, under N.D.C.C. § 24-07-02 as laid out by the Dunn County Board of Commissioners, and which includes the northward deviations.

### III

[¶ 17] The Trotters and Buehners argue that the trial court's award of damages is clearly erroneous. The Trotters and Buehners allege that the Howards failed to mitigate their damages by failing to remove their 2009 hay crop before the Trotters erected the posts across Trotter Road and failing to seek alternative means for entering their property. They also argue that the trial court's damages award is not supported by competent evidence in the record.

[¶ 18] "A trial court's finding of the amount of damages is a question of fact and therefore, will not be set aside on appeal unless it is clearly erroneous." *Langer v. Bartholomay*, 2008 ND 40, ¶ 27, 745 N.W.2d 649. "Uncertainty as to the amount of damages does not preclude re-

covery, and mathematical certainty as to the amount of recovery is not necessary. If a reasonable basis for computing an approximate amount of damages is provided, that is all that the law requires." *North Am. Pump Corp. v. Clay Equipment Corp.*, 199 N.W.2d 888, 895–96 (N.D. 1972). "In cases where the amount of damages may be hard to prove, 'the amount of damages is to be left to the sound discretion of the finder of facts.'" *Langer*, at ¶ 27 (quoting *B.W.S. Investments v. Mid–Am Restaurants, Inc.*, 459 N.W.2d 759, 764 (N.D.1990)).

[¶ 19] The trial court's memorandum opinion states:

The Howards are claiming $13,840.00 for hay purchased over and above what they would normally have done in their operation and $14,255.00 for having had to rent alternative pasture over and above what they normally would have done in their farming operation, but for the denial of access to their pasture land.

In regard to the hay, Patricia Howard acknowledged that she did not have exact records and "maybe some extra" [hay] was purchased because it was purchased at a good price. Patricia Howard also acknowledged that when they hayed the land in question they normally ran about 25 cows. She admitted that the payments [for pasture rental] ... were for 40 head.

The trial court found, based on the evidence presented by Patricia Howard, the Howards suffered $20,000.00 in damages.

[¶ 20] The Trotters and Buehners assert the evidence establishing damages is speculative. The Trotters premise their argument on our decision in *Leingang v. City of Mandan Weed Bd.*, 468 N.W.2d 397 (N.D.1991). In *Leingang*, we reversed and remanded the trial court's award of damages because the trial court had incor-

rectly calculated the damages from a breach of contract claim. 468 N.W.2d at 399. Under the particular facts of *Leingang*, two methods for calculating lost profits arose. *Id.* We found that the trial court had applied the wrong method; therefore, we reversed and remanded. *Id.*

[¶ 21] However, this case is distinguishable. Unlike *Leingang*, this case does not present two possible alternatives for calculating damages. Here, the trial court had to conclude whether the Howards suffered an injury, and if so, to what extent, before awarding damages.

[¶ 22] The trial court found the Howards suffered an injury and determined the amount of damages based on the evidence presented. Its award is within the range of evidence in the record. *Landers v. Biwer*, 2006 ND 109, ¶ 14, 714 N.W.2d 476. The record supports the trial court's findings, and we will not reweigh the evidence. As stated earlier, mathematical certainty is not required in awarding an amount of damages. *See Langer*, 2008 ND 40, ¶ 27, 745 N.W.2d 649. The trial court did not err in its award of damages.

## IV

[¶ 23] We consider the parties' other arguments unnecessary for disposition of this case. We affirm the trial court's judgment declaring Trotter Road a public highway and awarding the Howards damages, and we remand for entry of an amended judgment consistent with this opinion.

[¶ 24] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.