STATE v. TYLER.

1. HIGHWAY—PRESCRIPTION.—A PRIVATE WAY through woodland becomes a highway by prescription by the continuous, uninterrupted, adverse use thereof by the public, under claim of right, for twenty years or more. Cases considered.

2. IBID.—CHARGE—ADVERSE USE.—Judge cannot instruct the jury that such and such facts warrant the inference of adverse use.

3. IBID.—PRIVATE WAY—PRESUMPTION.—Will the mere use of a private way by the public for twenty years, with knowledge of landowner, raise presumption of adverse use, under claim of right?

4. IBID.—IBID.—PRESCRIPTION.—The use by the public of a neighborhood road for twenty years, so as to ripen it into a prescriptive highway, need not be in precisely the same track all the time.

Before WATTS, J., Aiken. Affirmed.

Indictment against K. J. Tyler for obstrucing neighborhood road. From verdict and judgment, defendant appeals.

*Messrs. G. W. Croft & Son,* for appellant, cite: *Merely*

*traveling over a road for twenty years will not give the public an easement:* 6 Rich., 396; 1 Bail., 58, 342; 2 Hill, 389; 1 McM., 329; Cheves, 1; 1 Spear, 20; 3 Rich., 85; 11 Rich., 263; 2 Strob., 62; 41 S. C., 1; 58 Ia., 567; 35 Kan., 717; 11 Ill. App., 513; 73 Me., 53. *Right of way, if obtained by prescription, must be confined to the very way traveled:* 110 Ind., 509; 32 Ill., 271.

*Messrs. Henderson,* contra (oral argument).

March 6, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. Appellant was convicted and sentenced under an indictment charging him with obstructing a neighborhood road, alleged to have been used adversely by the public as a public road for over twenty years prior to the said obstruction. The exceptions assigning error relate solely to the Judge's charge. The first, second and third exceptions each quote an isolated sentence of the charge, and the error assigned thereto is that the jury were thereby instructed that the public could acquire the right to a neighborhood road as a public road, by merely traveling over the same for twenty years, whereas the jury should have been instructed that, in order to make such a road a public road by prescription, the use thereof by the public must be under claim of right, and adverse to the rights of the landowner. That portion of the charge which contains the sentences excepted to is as follows: "The charge in the indictment is that the defendant obstructed a neighborhood road, which had become a public highway by prescription—that is, that it was at one time a neighborhood road, and the parties in the neighborhood of this road, traveling over it, traveled over it so long, without getting any express permission from the owners of the land abutting the road, that the public generally acquired a right to pass over that road. Now, Mr. Foreman and gentlemen, if you give permission to any one to go over your land, and he recognizes that permission, and goes over your land as a matter of grace from you, then it

does not matter if he travel over your land for twenty years or more, the public generally does not acquire a right to travel over that road; but if you have a road across your land, and the neighborhood get in a habit of traveling over it without asking permission of you, and keep that up for twenty years, and everybody that travels along over that road travels there without getting your permission, and does that for twenty years or more, then the public acquire a right to a public highway, and it does not matter whether it is worked by the public or not, if the public in that neighborhood has traveled over it adversely for twenty years or more, any obstruction to it would be a violation of the law of the land. Now, if the testimony satisfies you that the public, for twenty years or more, got in the habit of traveling over this road, and generally traveled over it, and got no permission for it, and traveled over it as a matter of right, and kept that up for twenty years or more, then I charge you, as matter of law, it became dedicated to the public, and everybody has a right to travel over it, and if the defendant obstructed a road of that sort, he is guilty of what is called a nuisance. If you think this was his land, and the neighborhood and public did travel over it, as a matter of favor from him, and did not go over it as a matter of right, generally, then he is not guilty. But any road that is a private path to start on, and the public get in the habit of traveling over it, and don't ask permission of the landowner to do it, and continue that for twenty years or more, it becomes a public highway then, and the public acquires a right to it." While there are some expressions in the above charge, which, when isolated, seem to convey the idea that a mere use by the public of a neighborhood road for twenty years, without *express* permission, or without *asking* permission, is sufficient to constitute such way a public road by prescription; yet when the whole charge is considered, as we must, it clearly appears that the jury were plainly instructed that the twenty years use by the public must be adverse, and under claim of right, in order that a highway may be acquired by prescription.

REP.] November Term, 1898.

The exceptions go to the first, second and last sentences of that portion of the charge which is quoted above. The first was in reference to the charge in the indictment, and as the indictment expressly alleges the user to have been adverse; and as the jury necessarily had the indictment with them, we do not think appellant was prejudiced at all. In the second sentence the Judge concludes with these words: "If the public in that neighborhood has traveled over it *adversely* for.twenty years or more, any obstruction of it would be a violation of the law of the land." The last sentence, construed in connection with what immediately precedes it, with which it is connected, shows that the Judge instructed the jury that the twenty years user by the public, to constitute a highway by prescription, must not be 'as matter of favor' from the landowner, but 'as matter of right' in the public. The Judge further charged as follows: "Now it is for you to say, under the testimony, was this a neighborhood road to start on; and did it, after that time, become a public road by reason of people traveling over it, adversely to the rights of the party who originally owned the land, for twenty years or more. Is that the same road, or substantially the same road? If it be the same road, or substantially the same road, and it had been used by the public for twenty years or more, adversely to his claims, and without his permission, then he is guilty, as alleged in the indictment. But if the parties had traveled over this road for twenty years or more, recognizing the fact that this party, and those under whom he claimed, allowed them to go over it as a matter of grace, a matter of permission, then he is not guilty. But if they have traveled over it not recognizing any right he had to it at all as the owner of the land, but claiming the right to go over it by reason of its being public property, and as a neighborhood road, treating it as a public road, and have done so for twenty years or more, then he is guilty as alleged in the indictment." He further charged: "Now, this twenty years traveling over it adversely, must be continuous * * * must be unbroken, &c." In response to

appellant's request to charge, he said: "I am requested by
defendant to charge you as follows: 'First: That use alone
for twenty years will not give the public the right of a road-
way.    Before such right can be acquired by prescription, it
must appear from evidence that the public for that period
used the road adversely, under claim of right.'    I charge
you that.    'Second: If the jury find from the evidence that
the ford at Shaw's Branch, where obstructed, had not been
used adversely by the public for twenty years, then the pub-
lic had acquired no prescriptive right to use such ford, and
the defendant should not be convicted.'    I charge you that.
I have already substantially charged you that before."
Stated, then, briefly, the jury were instructed that a highway
arises by prescription from the continuous, uninterrupted,
adverse use thereof by the public, under claim of right, for
twenty years.    This was stating the law as favorably for
appellant as he was entitled to, even if it be conceded, as con-
tended for by appellant, that said road over appellant's land
runs exclusively over unenclosed woodland.    *Hutto* vs. *Tin-
dall*, 6 Rich., 396, and cases therein cited.    In the case of
*Sims* vs. *Davis*, Cheves, 1, Judge Evans, speaking for the
Court, said: "No right of way can arise from merely riding
or walking over a man's uninclosed woodland, unless there
be some assertion of ownership by the claimant, or some act
of the owner of the soil, showing an admission that the
claimant had a right.    Thus: if the claimant laid out the
road and used it for twenty years; or if he worked on, en-
larged or kept it in repair; or if the owner of the soil cleared
the land and left a lane for the claimants' use; these with acts
of the like kind would seem to amount to an assertion of a
right on the one part, and an admission of it on the other."
In the case of *Nash* vs. *Peden*, 1 Spear, 21, the same Judge
said: "I think it is pretty well settled by the cases of *Sims* vs.
*Davis*, Cheves, 1, and *Hogg* vs. *Gill*, 1 McM., 329, that no
prescriptive way can be established otherwise than by an ad-
verse use of it for twenty years, and where the way passes
through forest land, the mere use, unaccompanied by any

acts indicating that the party claims the use as a right, cannot give a right of way." This is the rule in reference to acquiring a private way by prescription. If it be true, as said in *Hutto* vs. *Tindall,* 6 Rich., 401, that the same character of evidence should be produced to establish a public way by prescription as a private way, the appellant cannot complain of the instruction given to the jury. Under the Constitution, forbidding the Circuit Judge to charge in in respect to facts, he could not properly instruct them that such and such facts do or do not warrant the inference of adverse use. The general instruction, that the use must not be permissive, but must be adverse and under claim of right, gave appellant the full benefit of the law applicable to establishing a private way by prescription. Whether the open and uninterrupted use by the public of a neighborhood road, as a public road, for twenty years, with the knowledge and acquiescence of the landowner, and with no assertion of opposing right by him, would warrant a presumption that the use was adverse and under claim of right, or would warrant the presumption of a dedication by the landowner, and an acceptance by the public, need not now be considered or decided. but see *State* vs. *Sartor,* 2 Strob., 66, and *State* vs. *Floyd,* 39 S. C., 25.

The next question presented is whether the Circuit Judge erred in charging the jury: "Is that the same road, or substantially the same road. If it is the same, or substantially the same road, and it has been used by the public twenty years or more, adversely to his claims, and without his permission, then he is guilty, as alleged in the indict-- ment." The contention of the appellant is, that there was error in the language, "substantially the same road," and that the public way acquired by prescription must be confined not substantially, but precisely to the way used. In the case of *State* vs. *Sartor,* 2 Strob., 63, Judge Evans charged the jury, in reference to this subject, that "slight changes which do not materially affect the iden-

tity of the way ought not to affect the right." This, we think, is the true rule, and the charge of the Circuit Judge in this case is in accord therewith. See authorities cited on note to *Whitesides* vs. *Green,* 57 Am. St. Rep., 763. The case of *Gentleman* v. *Soule,* 83 Am. Dec., 264, 32 Ill., 271, cited by appellant, sustains the same view in this language: "Travel may slightly deviate from the thread of the road to avoid an obstruction at any point in the road, and still not change the road itself." One of the issues of fact in the case at bar was, whether there had been any change in the road at the place where the obstruction was placed, and on this point the jury were instructed, that "if they found from the evidence that the ford at Shaw's Branch, where obstructed, had not been used adversely by the public for twenty years, then the public had acquired no prescriptive right to use the ford, and the defendant should not be convicted." Whatever, therefore, may have been the deviations in the road leading to the ford, the jury have found that there was no change at the particular place of obstruction.

The exceptions are overruled, and the judgment of the Circuit Court affirmed.