## STATE OF MISSOURI, Respondent, v. W. E. HOOD, Appellant.

### Springfield Court of Appeals, April 4, 1910.

1. CRIMINAL LAW: Obstructing Highway: Dedication by User. Where the road with which defendant was charged with obstructing had for its initiatory establishment an order of the county court based upon irregular and defective proceedings, and defendant protested against its use as a public road and claimed the land as his own and built fences across it from time to time which were torn down by the road overseer; *held*, that the attempt on the part of the public by user to appropriate defendant's property for a highway, without compensation, was insufficient to deprive him of his property and that, under the evidence, he was not guilty of obstructing a public highway.

2. ———: ———: ———. The fact that defendant, charged with obstructing a highway, may have, at one time, allowed a road across the land to be used by the public does not show an intent on his part to dedicate it to public use if at other times he built wire fences across the road and performed other acts of ownership.

3. ———: ———: ———: Instruction. It takes more than a continuous use to make a road a public highway by user. There must be an adverse use for the statutory period, and this

must be continuous and exclusive, and it must be acquiesced in by the owner. An instruction which failed to include all these elements held erroneous.

4. ———: ———: ———: **Evidence.** In criminal prosecutions for obstructing public highways in which dedication is sought to be proved, such dedication must be established beyond a reasonable doubt.

5. **HIGHWAYS: Dedication by User: Evidence.** The evidence necessary to show the establishment of a highway by user must show more than a mere neighborly license, and that measure of proof must be furnished which is required to divest the title out of the real owner and vest it in the public.

Appeal from Greene Criminal Court.—*Hon. A. W. Lincoln,* Judge.

. . .

REVERSED.

*F. T. Stockard, T. J. Gideon & Sons* and *P. T. Allen* for appellant.

(1) Instruction number one should have been refused, because it fails to instruct the jury "that ten years adverse occupancy and use of a road by the public will be sufficient, if acquiesced in by the owner, to vest in the public an easement in the road and cause it to become a public highway." State v. Wells, 70 Mo. 635; State v. Walters, 69 Mo. 463; State v. Baldridge, 53 Mo. App. 415; State v. Culver, 65 Mo. 607; State v. Bishop, 22 Mo. App. 435; Bauman v. Boeckeler, 119 Mo. 189; Elliott on Streets and Roads (Ed. 1890), 137, (Ed. 1900), 188. (2) It takes more than a continuous use to make a road a public road by user. There must be an adverse use of the way for the statutory period, and this use must be continuous and of right. It must be exclusive, not only of the owner but of all other persons. 1 Am. and Eng. Ency. of Law, 795; 9 Am. and Eng. Ency. of Law, 39; Bowman v. Lee, 48 Mo. 335.

*W. R. Self,* Prosecuting Attorney, and *A. H. Wear* and *Alfred Page* for respondent.

STATEMENT.—This was a prosecution by information filed in 1904 in the criminal court of Greene county charging the defendant with obstructing a public highway by unlawfully fencing across the south end of said road with three strands of barbed wire. Defendant admitted the obstruction but defended on the ground that the road had not been legally established.

The evidence offered by the State tended to show that the road in question had been petitioned for in the county court about the year 1890; that the proceedings by which it was sought to dedicate the road were irregular, and that the road was never legally established under the statutes of this State applicable to such cases. The State tried the case on the theory that the road had been dedicated by public use for a period of more than ten years. The evidence showed that in 1893 the defendant purchased some of the land along which the road was intended- to be established and that he subsequently acquired other land along the proposed route. There was evidence introduced by the State showing that portions of the road had been used for public purposes ever since the application was made to the county court to establish the road in 1890. The evidence also tended to show that the defendant, after he acquired the land, protested against the opening and use of said road by the public, claiming that the proceedings in the county court were void and claiming the land adversely to the public and constructing fences across and along said road; that these fences were torn down, but that he subsequently rebuilt them and ordered all persons to keep off the land, and protested to the road overseers against any work being done on the road or any funds being expended thereon. Several witnesses for the State who had been road overseers in this road district, testified that for eight or ten years prior to the time

of the trial, defendant had maintained wires across the road and warned them not to work the road and notified them that it was not a legal highway.

Upon trial, the jury found the defendant guilty and assessed his punishment at a fine of five dollars and costs. The case is here on appeal. The errors relied on for reversal are that the court denied defendant's demurrer to the evidence offered by the State, and that the court gave improper instructions at the request of the State.

NIXON, P. J.—I. As we have stated, this case was tried upon the theory that the public highway which the defendant is charged to have obstructed had been dedicated by public user prior to such obstruction.

In cases where it is sought to establish a dedication by user, it being an exceptional and peculiar mode of passing title to interests in land, the proof must usually be strict, cogent and convincing and the acts proved must not be consistent with any construction other than that of a dedication. In criminal prosecutions for obstructing public highways in which dedication is sought to be proved, such dedication must be established beyond a reasonable doubt. [13 Cyc. 476.] Even in civil cases, more must be shown than a mere neighborly license and that measure of proof must be furnished which is required to divest the title out of the real owner and vest it in that intangible entity, the public. [Field v. Mark, 125 Mo. loc. cit. 517, 28 S. W. 1004.] A careful examination of this case shows that any obstructions the defendant may have made were made for the purpose of protecting his title to his land against unlawful use by the public which had attempted illegally to appropriate it without right and without making the owner any compensation. The demurrer to the evidence should have been sustained.

II. The court gave the following instruction at the request of the State:

"You are instructed that the proceedings had in the county court to establish and open the road charged to have been obstructed by the defendant, Hood, are insufficient in and of themselves to constitute a legal public road or highway, but if you find and believe from the evidence that the said road was opened by an order of the county court of Greene county, and that a plat thereof was made and filed with the clerk of the said county court, and that said road was used continuously as a public highway by the traveling public for a period of ten consecutive years prior to December—, 1904, then said road is a legally established public road."

This instruction was erroneous and should have been refused. It takes more than a continuous use to make a road a public highway by user. There must be an *adverse* use for the statutory period and this must be continuous and exclusive. [State v. Walters, 69 Mo. 463.] And it must be acquiesced in by the owner. [State v. Wells, 70 Mo. loc. cit. 638. See also Bauman v. Boeckeler, 119 Mo. 189, 24 S. W. 207; Bowman v. Lee, 48 Mo. 335; State v. Baldridge, 53 Mo. App. 415; Rosenberger v. Miller, 61 Mo. App. 422.] The fact that the defendant may have at one time allowed a public road to be across his land does not show an intent on his part to dedicate it to public use if at other times he built wire fences across the road and performed other acts of ownership. [Field v. Mark, supra.]

The evidence in this case is insufficient to show that the public acquired title to defendant's land by prescription and does not support a conviction. The judgment is therefore reversed and the defendant discharged. All concur.