(March 17, 1916.)

## STATE, Respondent, v. SWAN BERG, Appellant.

[155 Pac. 968.]

MISDEMEANOR—OBSTRUCTING PUBLIC ROAD—DEDICATION—PRESCRIPTIVE RIGHT.

    1. Where a land owner fences his land and leaves a tract fifty feet wide outside of his fence for a public road and the public travel such road for five years or more, the public has acquired a prescriptive right thereto.

    2. *Held,* under the facts of this case that the public has acquired a prescriptive right to said road and that the court did not err in submitting said case to the jury.

    3. *Held,* that the evidence was sufficient to be submitted to the jury upon the question of whether it was the intention of the defendant to dedicate said road for public use.

    [As to knowingly obstructing public roads, see note in **Ann. Cas.** 1912A, 435.]

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. James M. Stevens, Judge.

Defendant was convicted of obstructing a public road and sentenced to pay a fine of $100. Judgment *affirmed.*

W. A. Beakley, for Appellant.

Where land is vacant and unoccupied, the fact that the public travel over it for the prescriptive period does not constitute it a public road. (*State v. Horn,* 35 Kan. 717, 12 Pac. 148; *Harding v. Jasper,* 14 Cal. 643; *Smith v. Smith,* 34 Kan. 293, 8 Pac. 385; *Friel v. People,* 4 Colo. App. 259, 35 Pac. 676.)

The court instructed the jury that they must find, in substance, that this road had been open and traveled by the public for five years, and that the same had been maintained at public expense for five years. This could not have been found under the evidence, and their verdict in this regard was directly opposite to all of the evidence. This instruction is supported by the case of *Meservey v. Gulliford,* 14 Ida. 133, 93 Pac. 780, and *Palmer v. Northern Pacific R. Co.,* 11 Ida. 583, 83 Pac. 947.

J. H. Peterson, Atty. Genl., T. C. Coffin and Herbert Wing, Assts., and J. E. Good, for Respondent.

It is not necessary that a highway be worked upon a part thereof not needing work in order to acquire a right of way by prescription. (*Gross v. McNutt,* 4 Ida. 286, 38 Pac. 935.)

As to whether or not a road has been dedicated to the public is a question for the jury. (*Morse v. Zeize,* 34 Minn. 35, 24 N. W. 287; *Harding v. Jasper,* 14 Cal. 642; *Elgin v. Beckwith,* 119 Ill. 367, 10 N. E. 558; *Tucker v. Conrad,* 103 Ind. 349, 2 N. E. 803; *Greenup County v. Maysville etc. R. R. Co.* (Ky.) 21 S. W. 351; *Langan v. Whalen,* 67 Neb. 299, 93 N. W. 393; *Atlantic City v. Groff,* 68 N. J. L. 670, 54 Atl. 800; *Flack v. Green Island,* 122 N. Y. 107, 25 N. E. 267; *Eastland v. Fogo,* 58 Wis. 274, 16 N. W. 632; *Dist. of Columbia v. Robinson,* 180 U. S. 92, 21 Sup. Ct. 283, 45 L. ed. 440.)

The instructions upon the question of prescription fully and fairly state the law, as was declared by this court in the case of *Gross v. McNutt,* 4 Ida. 286, 38 Pac. 935.

SULLIVAN, C. J.—The defendant was prosecuted on the criminal charge of wilfully obstructing a public road, and was

convicted and sentenced to pay a fine of $100. A motion for a new trial was denied and this appeal is from the judgment and order denying a new trial.

It appears from the evidence that the defendant was the owner of a tract of land over which the road in question runs. The road had been traveled some in 1907, and in 1908 the defendant fenced his land and left a portion of it, a strip about fifty feet wide and 200 rods long, outside of his fence, and this strip of land outside of his fence is the land in question, and was used as a public road by the traveling public for five years.

In the spring of 1913 the defendant built fences across this road and prevented further travel on the same. The road overseer thereupon removed the fences thus built and the defendant rebuilt them and they were removed a second time. The defendant was then arrested, charged with obstructing said road.

The defense in this action consisted entirely in the claim that the road in question was not a public road. The evidence clearly shows that it had been traveled as a public road for more than five years; that the defendant fenced his land, leaving said road outside of his fence. The defendant himself testified that he had left said fifty foot strip outside of his fence in 1908, and allowed the public to use it as a road. The evidence was amply sufficient to go to the jury for them to determine therefrom the intention of the defendant in leaving said land open to the public for a public road.

While there is some apparent conflict in the testimony in regard to the county doing any work upon said road, the record does show that it connected with other roads and had been used more than five years by the public. It is not necessary for the county to do work upon a road that does not need work to keep it in repair or to put it in condition for the public to travel.

Upon a review of all the evidence in the case and of the errors assigned by appellant, we are fully satisfied that there

is not sufficient error in the record to require a reversal of the case.    The judgment is therefore affirmed, with costs in favor of the respondent.

Budge and Morgan, JJ., concur.