### Ewen v. Commonwealth.

(Decided June 9, 1931.)

CHARLES F. SPENCER for appellant.

J. W. CAMMACK, Attorney General (HOWARD SMITH GENTRY of counsel) for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

The appellant E. T. Ewen, was indicted in the Powell circuit court and accused therein of producing, suffering, and maintaining a nuisance, by obstructing an alleged public highway in that county. At his trial, and under his plea of not guilty, he was convicted and punished with a fine of $50, which, under the provisions of section 347 of the Criminal Code of Practice, is the minimum one that can be reviewed by this court on appeal.

Defendant operates a retail store built by himself on land owned by his wife in the village of Slade, in Powell county, and it is the contention of the commonwealth that the storehouse so built by him projected into the public road running through the village, and that he also obstructed the road by putting rock and dirt in it so as to unlawfully impede travel; but the evidence uncontradictedly shows that the latter obstruction was placed in the road by defendant to fill a large mud hole that had been made therein and that it was an actual benefit to the road instead of an obstruction. So that, we will dismiss that feature of the commonwealth's complaint without further reference or comment. Manifestly, the burden was on the commonwealth to prove beyond a reasonable doubt that the other obstruction complained of, i. e., construction and maintenance of the store house in a portion of the public road, was true, and in order for that to be done it was incumbent on the commonwealth to prove that some portion of that building occupied a part of the ground upon which the highway was located, and which we are convinced was not done. No effort whatever was made, nor any contention advanced, that the road at that point was ever established by any order of court, although it was shown that what was the particular traveled way at the time had been worked for a considerable number of years by road hands under the supervision of an overseer, and which

was necessarily upon the theory that the road had become a public one by prescription and the court correctly instructed the jury that it might be so acquired.

Between the foot of the mountain or hill and a railroad track (the time of the building of which is not shown) is a narrow strip of land comparatively level, and over that space for forty or more years the public has traveled, sometimes at one place and sometimes at another, and at one time, according to the proof, the road ran on the far side of the present location of the railroad track. It was also proven that the road as so variously located was worked in the manner stated. But the proof is exceedingly hazy and unsatisfactory as to the length of time that the present traveled portion of the road, alleged to have been obstructed immediately in front of defendant's store building, has been so located. Indeed, we do not recall a single witness who stated that its present location had existed for as much as fifteen years. There is abundant and uncontradicted proof that the space between the railroad right of way and the front of defendant's store building is as much as forty or fifty feet wide, and that all portions of it from time to time have been traveled by the public as a road. In addition thereto, the clear preponderance of the testimony is to the effect that defendant's store as constructed occupies no ground that was ever appropriated by, or formed any part of the worked road in that narrow valley. Under such conditions and in such circumstances, we think there was a failure of the proof to establish defendant's guilt and that his motion for a peremptory instruction to acquit him should have been sustained. Of course, upon a return of the case the evidence might be such as to authorize the court to overrule that motion and to submit the case under appropriate instructions, but if the evidence is substantially the same as that heard on the first trial, then the court should sustain the motion for a peremptory instruction of acquittal.

Wherefore, the motion for an appeal is sustained, the appeal is granted, and the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.