# $\mathfrak{Staunton}$

## C. W. MARTIN v. COMMONWEALTH.

September 22, 1932.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*B. T. Wilson* and *Burns & Griffith,* for the plaintiff in error.

*John R. Saunders, Attorney-General,* and *Edwin H. Gibson* and *Collins Denny, Jr., Assistant Attorneys-General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

The plaintiff in error, C. W. Martin, was indicted under Code, section 4731, for obstructing a public road. He was tried by a jury, found guilty and his punishment fixed at a fine of $75.00. The court entered judgment against him.

The sole assignment of error is, that the court should have set aside the verdict because it was contrary to the law and the evidence and was without evidence to support it.

The evidence discloses these material facts which are not controverted: Some eighteen years ago, Martin purchased a tract of land in Russell county, through which the roadway, now in controversy, passed. This roadway had been in existence for a number of years prior to the time that Martin purchased his tract. It, however, was not a public road. It is, and has been, for a number of years, a connecting link, joining two public roads which parallel each other. The fences on each side of the road-

way in question have never been a uniform distance apart. At places they were eight feet apart while at other places there was a greater distance between them. On January 30, 1930, the board of supervisors of the county proceeded to change the roadway and to establish it as a public road. Viewers were appointed and they returned a report in which they undertook to locate a public road, thirty feet in width, running along the old roadway. Later the report was approved and the roadway was finally established on July 18, 1930, as a thirty foot public road.

After the establishment of the road as a public one, Williams, a member of the board of supervisors of Russell county for the magisterial district in which the road was located, purporting to follow the provisions of section 4731 of the Code, which we will later set forth in its entirety, gave Martin notice to remove any and all fencing which encroached upon the thirty foot road which had been established as a public road by the order of July 18, 1930, and which ran through his land. Martin failed to remove some of the old fences along the line of the original roadway. He was indicted and convicted for violating the statute as previously stated.

Section 4731 of the Code provides:

"Any person other than a duly authorized officer, changing the line of any public road, on either side thereof, as the lines have existed for twenty years or more, shall be guilty of a misdemeanor, unless he shall have first obtained, upon petition, the permission of the circuit court of the county in which the road lies, which petition and permission shall be entered of record, showing how, and to what extent, the line of a public road has been changed. It shall be the duty of the supervisor of the district to give notice in writing to all persons making, or who have made, such encroachment on any public road in his district, by changing the lines or the direction thereof, without permission of the circuit court as afore-

said, to remove any fence or obstruction, whether heretofore or hereafter made, and to restore the original line or lines of the said road, and on failure to do so within twenty days after said notice, the person so offending shall be liable to a fine of five dollars for each day the said fence or other obstruction remains in said road, after the expiration of the said twenty days aforesaid."

The language of the statute is clear. It is at once apparent that in order to find one guilty of a violation of the first part of the statute, it is essential that the evidence show that he changed the line of a *"public road* on either side thereof, as the lines have existed for twenty years or more."  For a violation of this part of the statute the offender "shall be guilty of a misdemeanor."

It is likewise apparent that in order to find one guilty of violating the latter part of the statute the evidence must sufficiently show that the offender has made an encroachment on a *public road* by changing the lines or the direction thereof without the permission of the circuit court.  If any person violates this part of the statute, it is the duty of the supervisor to give notice to the offender to remove any fence or obstruction placed on the road and to restore the original line or lines of the said road within twenty days.  If he fails to do so, such offender "shall be liable to a fine of $5.00 for each day the said fence or other obstruction remains in said road * * *."

In order to sustain a conviction under either part of the statute it is necessary that the Commonwealth prove beyond a reasonable doubt that the roadway is a *public road*.  Without this proof no conviction for a violation of the statute can be sustained.  The statute has no application to any traveled way, or roadway, which has not been established as a *public road*.

It clearly appears from the evidence that the roadway which Martin was charged in the indictment with obstructing, was not a *public road* until established as such on July 18, 1930.  He could not have been guilty

of changing the lines of a public road as they have existed for twenty years or more, when such road did not become a public one until July 17, 1930.

The evidence conclusively shows that the fences were built by Martin in 1916. It further shows beyond doubt that he has not built any fences on the right of way of the new public road since it was established as such, or otherwise encroached thereon.

Our conclusion is, that inasmuch as the evidence fails to show that Martin changed the line or lines of a public road as they had existed for twenty years or more or that he encroached upon or obstructed a public road, the judgment of the trial court must be reversed, the verdict set aside and the indictment dismissed.

*Reversed.*