2009 ND 123

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Billie MAKI, Defendant and Appellant.**

**No. 20080279.**

Supreme Court of North Dakota.

July 9, 2009.

Allen M. Koppy, State's Attorney, Mandan, ND, for plaintiff and appellee.

Kent M. Morrow, Bismarck, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Billie Maki appeals the district court's judgment entered after a jury found her guilty of disturbance of a public school. We affirm, concluding that the district court did not err in denying Maki's motion for a judgment of acquittal and

that sufficient evidence exists to sustain the jury's guilty verdict.

I

[¶ 2] Norma Breimeier has a bachelor's degree in elementary education and is licensed to teach in the state of North Dakota. In May 2008, Breimeier was employed as a teacher's aide in the special education room at New Salem High School. After the final bell rang around 8:30 a.m. on May 7, 2008, Breimeier was in the special education room with five students. Breimeier was looking through the Bismarck Tribune because she planned on using the newspaper to teach the students about current events that afternoon. Breimeier testified that while she was looking at the newspaper, Maki, Maki's niece and Maki's son, J.M., came into the classroom and that Maki "put her hands right up on the table, leaned towards me, and then [Maki] pointed and told me that I shouldn't F—word her son down on the floor again." Breimeier stated she believed Maki was referring to an incident that occurred on May 2, 2008 when she and another co-worker put J.M. in a chair and held him in the chair because he was running around the classroom and crawling under tables.

[¶ 3] Breimeier testified that after Maki yelled at her, Maki told Breimeier that if she was not scared of her then, Maki would take her across the street and beat her up. Breimeier stated Maki continued to use profane language, and she continued to try and get Maki to leave the classroom. Breimeier said Maki eventually left the school, taking J.M. with her. Breimeier testified that after Maki left the school, she went to the principal's office to report the incident.

[¶ 4] Maki's testimony did not dispute Breimeier's description of the incident, except Maki said that she did not threaten to

beat Breimeier up until Breimeier grabbed her arms. Maki said she never physically touched Breimeier. Maki testified she was upset with Breimeier because she believed Breimeier did not have any right to restrain her child.

[¶ 5] Both parties called the police. As a result, Maki was charged with disturbance of a public school. On October 8, 2008, a jury trial was held on the charge, and Maki was found guilty of disturbance of a public school. Maki was sentenced to thirty days in jail with thirty days suspended for two years and ordered to complete forty hours of community service.

II

[¶ 6] Maki argues the district court erred in denying her N.D.R.Crim.P. 29 motion for acquittal because insufficient evidence exists to find her guilty of disturbance of a public school by insulting or threatening a teacher since Breimeier was working as a teacher's aide at the time of the incident.

[¶ 7] "To grant a judgment of acquittal, 'a trial court must find the evidence is insufficient to sustain a conviction of the offenses charged.'" *State v. Kautzman*, 2007 ND 133, ¶ 10, 738 N.W.2d 1 (quoting *State v. Delaney*, 1999 ND 189, ¶ 4, 601 N.W.2d 573). "When considering the sufficiency of the evidence on appeal, this Court views the evidence and all reasonable inferences in the light most favorable to the prosecution and then determines whether a rational factfinder could have found guilt beyond a reasonable doubt." *Kautzman*, at ¶ 10. "In reviewing a question of sufficiency of the evidence under N.D.R.Crim.P. 29(a), we do not resolve conflicts in the evidence or reweigh the credibility of witnesses." *State v. Weaver*, 2002 ND 4, ¶ 10, 638 N.W.2d 30. "On appeal, we determine only whether there is evidence which could

have allowed the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction." *Id.*

[¶ 8] Section 15.1–06–16, N.D.C.C., states a person is guilty of disturbing a public school, a class B misdemeanor, if they:

"1. Willfully disturb a public school that is in session;

2. Willfully interfere with or interrupt the proper order or management of a public school by an act of violence, boisterous conduct, or threatening language; or

3. Rebuke, insult, or threaten a teacher in the presence of a student."

The State charged Maki with willfully disturbing a public school that was in session and with insulting and threatening a teacher, Breimeier, in the presence of five students. Normally, the State would have needed only to prove one of these allegations to convict Maki of disturbing a public school because the statute contains an "or." However, the instruction given to the jury stated, "1. On or about the 7th day of May, 2008; 2. In Morton County, North Dakota; 3. The defendant, Billie Maki; 4. Willfully, 5. Disturbed a public school while that school was in session; and 6. Insulted or threatened a teacher in the presence of five students." Because the State failed to object to the jury instruction, which included an "and" instead of an "or," the State was required to prove both that Maki willfully disturbed a public school that was in session and that Maki insulted and threatened a teacher in the presence of a student.

[¶ 9] Maki argues the district court erred when it denied her motion for judgment of acquittal because she could not be convicted of disturbing a public school by threatening or insulting a teacher since Breimeier was not a teacher but instead was working as a teacher's aide. In denying Maki's N.D.R.Crim.P. 29 motion, the district court stated that Breimeier said, "she was licensed by the Department of Corrections (sic) and her testimony was that she was working as (sic) classroom teacher. If she's called a teacher's aide or a paraprofessional or something, I think that's cutting it a little too thin." The district court continued by stating, "I would find it hard to believe that the legislature would think that it would be okay to come in and disrupt a classroom if a 'real teacher' is teaching but not if a paraprofessional or teacher's aide is teaching."

[¶ 10] Section 15.1–06–16, N.D.C.C., does not define the word "teacher," and the jury was not given an instruction defining the word "teacher." "Words in a statute are given their plain, ordinary, and commonly understood meaning, unless specifically defined in the code." *Ward v. Bullis*, 2008 ND 80, ¶ 18, 748 N.W.2d 397; N.D.C.C. § 1–02–02. "Jurors are presumed to know and apply the common and ordinary meaning of words." *Murphy v. State*, 44 S.W.3d 656, 662 (Tex.App.-Austin 2001). Using the commonly understood meaning of the word "teacher," the jury determined Breimeier was a "teacher." The evidence supports the jury's determination because the evidence demonstrates Breimeier was licensed to teach in the state of North Dakota and was the only figure of authority in the classroom. The evidence also reveals at the time of the incident, Breimeier was creating a lesson plan for that afternoon to teach the students about current events, which is a function normally performed by a teacher. From this evidence, the jury could reasonably have concluded Breimeier was a "teacher" protected by N.D.C.C. § 15.1–06–16.

## III

[¶ 11] We affirm the district court's judgment, concluding the district court did not err in denying Maki's motion for a judgment of acquittal and conclude sufficient evidence exists to sustain the jury's guilty verdict.

[¶ 12] GERALD W. VANDEWALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.