2012 ND 247

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Daniel Erwin HERZIG, Defendant and Appellant.**

No. 20110304.

Supreme Court of North Dakota.

Nov. 28, 2012.

Christine A. Harris, Assistant State's Attorney, Minot, N.D., for plaintiff and appellee.

Rodney E. Pagel, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Daniel Herzig appeals from a judgment entered after a jury found him guilty of criminal trespass, a class B misdemeanor. Under *State v. Meyer*, 361 N.W.2d 221 (N.D.1985), we conclude this dispute was ill-suited for a criminal action and instead should have been resolved in a civil action because there existed a legitimate dispute as to whether the area upon which Daniel Herzig was alleged to have trespassed was a public road by prescription under N.D.C.C. § 24–07–01. Under *Meyer*, we reverse the judgment and remand to the district court to enter a judgment of acquittal.

I

[¶ 2] Daniel Herzig and Karla Herzig formerly were husband and wife. Karla Herzig owns a tract of land located in Section 26, Township One Hundred Fifty-six North, Range Eighty-five West, Ward County, and she owns all of the land located in Section 25, which is located immediately to the east of Section 26. The land owned by Karla Herzig in Sections 25 and 26 borders a section line separating the two sections. The section line extends from north to south, and except for the southern end, it is impassable because of the existence of coulees and wooded terrain. Where the section line becomes impassable, a road diverts from the section line in a northwesterly direction, passing Karla Herzig's farmstead located approximately in the middle of the eastern half of Section 26, and connects with a long driveway extending north to U.S. Highway 2.

[¶ 3] In 2010, Karla Herzig planted flax on her land in Sections 25 and 26 as well as over the passable portion of the section line road adjoining the two sections. She posted "no hunting or trespassing" signs with her name affixed to the signs on both sides of the southern approach to the section line road separating Sections 25 and 26. In August 2010, the State charged Daniel Herzig with criminal trespass and criminal mischief under N.D.C.C. §§ 12.1–22–03 and 12.1–21–05, alleging that, "knowing ... he was not licensed or privileged to do so, [he] entered or remained on the property of Karla Herzig after [she] had posted in a manner reasonably likely to come to the attention of intruders that trespassing was not allowed," and "willfully damaged a flax field owned by [her]." On the basis of a police officer's "uniform incident report," the State specifically al-

leged Daniel Herzig drove his vehicle northbound on the section line separating Sections 25 and 26 and damaged flax planted over the section line by Karla Herzig. The State also alleged Daniel Herzig knowingly left the section line when it became impassable and traveled northwest on a road located on land owned by Karla Herzig within Section 26, eventually turning his vehicle around and leaving the area the same way he had entered.

[¶ 4] Daniel Herzig moved to dismiss both charges, arguing that the section line upon which he traveled was a road open to the public and that, as a result, he did not commit either offense. In its response brief, the State conceded section lines are roads open for public travel, and it therefore dismissed the criminal mischief charge. The State did not dismiss the criminal trespass charge, however, because it argued Daniel Herzig left the section line where it became impassable and traveled on a road located entirely upon Karla Herzig's property, ignoring the "no hunting or trespassing" signs she had posted on both sides of the southern approach to the section line. The State alleged Daniel Herzig committed criminal trespass when he knowingly traveled on Karla Herzig's posted property without her permission. After a hearing, the district court denied Daniel Herzig's motion to dismiss the criminal trespass charge.

[¶ 5] At trial, Karla Herzig testified she posted her land with "no hunting or trespassing" signs on both sides of the southern approach to the section line separating Sections 25 and 26. She also testified she posted her land where the road diverted from the section line, although the State offered exhibits showing only that she had posted her land on both sides of the southern approach to the section line. Daniel Herzig testified that Karla Herzig had not posted the land on either side of

the section line before he drove his vehicle northbound on the section line in July 2010. He admitted that after reaching a point where the section line road became impassable, he continued northwest on a road that led entirely onto land owned by Karla Herzig in Section 26 until he reached a Souris River Telecommunications ("SRT") truck blocking the road at the bottom of a coulee. After encountering the SRT crew working near the coulee, he testified he turned his vehicle around and exited the area the same way he had entered. Daniel Herzig testified the road previously had been used by law enforcement officers, mail carriers, UPS and FedEx drivers, and other members of the community. Karla Herzig responded that the only people who had rightfully used the road were those with permission from her, or from Daniel Herzig during their marriage. Daniel and Karla Herzig presented conflicting evidence as to whether the road that diverted from the section line was open to the public.

[¶ 6] Daniel Herzig moved for a judgment of acquittal, both after the State's case-in-chief and before the district court submitted the case to the jury. The court denied both motions. Additionally, before the court submitted the case to the jury, Daniel Herzig requested a proposed jury instruction on legitimate dispute. He borrowed language for the proposed instruction from this Court's decision in *Meyer*, 361 N.W.2d at 222–23, in which this Court held a legitimate dispute existed as to whether the necessary requirements were met to make the disputed road a "road by prescription" under N.D.C.C. § 24–07–01 and concluded the proper procedure to resolve the controversy was through a civil action rather than a criminal prosecution. The district court denied Daniel Herzig's proposed instruction, and the jury found him guilty of criminal trespass.

[¶ 7] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Daniel Herzig timely appealed from the criminal judgment under N.D.R.App.P. 4(b). We have jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

## II

[¶ 8] Daniel Herzig argues the district court erred in denying his motion to dismiss, his motions for judgment of acquittal, and his requested jury instruction on legitimate dispute.

## A

[¶ 9] In *Small v. Burleigh Co.*, 225 N.W.2d 295 (N.D.1974), this Court explained the history and law regarding free public travel on section lines:

> Our case law settles some issues. It is established that the United States in 1866, by the passage of Section 2477, Revised Statutes, made an offer of section line easements on public land, and that the offer was accepted by the Territory of Dakota when it adopted Chapter 33, Laws of Dakota Territory, 1870–1871, codified as Chapter 29, Section 37 of the Political Code of 1877. *Walcott Township v. Skauge*, 6 N.D. 382, 71 N.W. 544 (1897); *Northern Pacific Railway Company v. Lake*, 10 N.D. 541, 88 N.W. 461 (1901); *Koloen v. Pilot Mound Township*, 33 N.D. 529, 157 N.W. 672 (1916); *Faxon v. Civil Township of Lallie*, 36 N.D. 634, 163 N.W. 531 (1917); *Huffman v. West Bay Township*, 47 N.D. 217, 182 N.W. 459 (1921); and *Hillsboro National Bank v. Ackerman*, 48 N.D. 1179, 189 N.W. 657 (1922).
>
> The 1871 legislation read:
>
> "That hereafter all section lines in this Territory shall be and are hereby declared public highways as far as practicable; *Provided*, That [they shall not interfere with existing highways and shall not apply to a certain portion of Pembina County]."
>
> The rights granted and accepted by the cited statutory provisions have never been surrendered. *Huffman v. West Bay Township, supra; Hillsboro National Bank v. Ackerman, supra.*
>
> In North Dakota the rights of the public to section line highways and to streets are easements only, limited to the right to travel and other rights incident thereto, and the owner of the adjoining land owns the fee title to the property included in the 33 foot easement up to the section line. *Northern Pacific Railway Company v. Lake, supra; Donovan v. Allert*, 11 N.D. 289, 91 N.W. 441 (1902).
>
> No action by the county or township board is necessary to "establish" or "locate" a highway upon a section line, and any action purporting to locate or establish a highway upon a section line is superfluous. *Huffman v. West Bay Township, supra.*

*Small*, at 296–97. This Court further held:

> We hold that congressional section lines outside the limits of incorporated cities, unless closed by proceedings permitted by statute, are open for public travel without the necessity of any prior action by a board of township supervisors or county commissioners.

*Small*, at 300.

[¶ 10] The section line road here had never been closed under a proceeding permitted by statute. Karla Herzig barricaded, plowed up, and planted over the established section line road despite the statutory prohibitions against all these acts. *See* N.D.C.C. § 24–12–02. When Daniel Herzig drove over the improperly planted flax on the section line, as he was permitted to do, Karla Herzig complained

to law enforcement. Although Daniel Herzig explained to law enforcement both the section line law and the road by prescription law, he nevertheless was charged with driving over the flax. When the charge for driving over the flax on the section line was dismissed, the State persisted with the criminal trespass charge for driving on the road where the flax ended and the road deviated from the section line.

### B

[¶ 11] Daniel Herzig argues the district court erred in denying his motions for judgment of acquittal.

[¶ 12] "Under N.D.R.Crim.P. 29(a), the district court is authorized, upon the defendant's motion, to 'enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.'" *State v. Blunt*, 2010 ND 144, ¶ 12, 785 N.W.2d 909 (quoting N.D.R.Crim.P. 29(a)). To grant a motion for judgment of acquittal under N.D.R.Crim.P. 29, "'a trial court must find the evidence is insufficient to sustain a conviction of the offenses charged.'" *Id.* (quoting *State v. Maki*, 2009 ND 123, ¶ 7, 767 N.W.2d 852). "When considering a motion for judgment of acquittal, 'the trial court, upon reviewing the evidence most favorable to the prosecution, must deny the motion if there is substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt.'" *Id.* (quoting *State v. Hammeren*, 2003 ND 6, ¶ 6, 655 N.W.2d 707). To successfully challenge the sufficiency of the evidence on appeal, "the defendant must show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt." *State v. Gonzalez*, 2000 ND 32, ¶ 14, 606 N.W.2d 873.

[¶ 13] The criminal complaint charging Daniel Herzig with criminal trespass required the State to prove that, "knowing ... he was not licensed or privileged to do so, [he] entered or remained on the property of Karla Herzig after [she] had posted in a manner reasonably likely to come to the attention of intruders that trespassing was not allowed."

[¶ 14] Relying on *Meyer*, 361 N.W.2d at 222–23, Daniel Herzig argues the district court erred in denying his motions for judgment of acquittal, because there existed a legitimate dispute as to whether the road upon which he was alleged to have trespassed became a public road by prescription under N.D.C.C. § 24-07-01, which provides:

> All public roads and highways within this state which have been or which shall be open and in use as such, during twenty successive years, hereby are declared to be public roads or highways and confirmed and established as such whether the same have been laid out, established, and opened lawfully or not.

Daniel Herzig argues his father built the road that diverted from the section line in the 1950s, he improved the road while he and Karla Herzig were married and living together on the property, and the road had never been closed to the public. He argues, as in *Meyer*, at 222–23, the resolution of whether the road is a public road by prescription should be resolved by the parties through a civil action instead of through a criminal prosecution.

[¶ 15] In *Meyer*, 361 N.W.2d at 222, the State charged Gary Meyer with obstructing a public road in violation of N.D.C.C. § 24-12-02, and after a bench trial, the district court found him guilty beyond a reasonable doubt. Meyer did not dispute he obstructed the road but argued the road was not open to the public at the time he obstructed it. *Id.* On appeal, this Court was unable to discern

whether the district court found the violation occurred because Meyer obstructed a portion of a section line or because he obstructed a road across his own property that had become a public road by prescription under N.D.C.C. § 24–07–01. *Id.* at 221–22. After concluding section lines were considered public roads, this Court said the issue before the district court was whether the road across Meyer's property was a public road under N.D.C.C. § 24–07–01. *Id.* at 222. This Court questioned the procedure employed by the State in charging the defendant with obstructing a public road when "the primary, and most probably the only, issue [was] whether . . . the road [was] a public road by virtue of Section 24–07–01, N.D.C.C." *Id.* This Court concluded:

> [T]here is a legitimate dispute as to whether . . . the necessary requirements have been met to make the road in question a road by prescription as specified in Section 24–07–01, N.D.C.C.[;] a criminal action is ill-suited to a settlement of that dispute. Rather, we believe the proper procedure is to institute a civil action wherein the issue of whether or not the road in question has become a public road by prescription may be determined in the atmosphere of civil, rather than criminal, litigation.

*Id.* at 222–23 (footnotes omitted). This Court based its decision in *Meyer* on "the procedure commonly used in North Dakota . . . to settle [disputes involving prescription of roads]." *Id.* at 223 (citing *Mohr v. Tescher*, 313 N.W.2d 737 (N.D. 1981); *Backhaus v. Renschler*, 304 N.W.2d 87 (N.D.1981); *Keidel v. Rask*, 290 N.W.2d 255 (N.D.1980); *Berger v. Berger*, 88 N.W.2d 98 (N.D.1958); *Berger v. Morton County*, 57 N.D. 305, 221 N.W. 270 (1928)). In *Meyer*, at 223, this Court reversed Meyer's conviction and remanded to the district court to enter a judgment of acquittal.

[¶ 16] Six years later, in *State v. Brakke*, 474 N.W.2d 878, 882 (N.D.1991), this Court encountered a similar issue about property rights in the context of a criminal prosecution. In *Brakke*, at 878, a jury separately convicted Ronald Brakke and Joane Kuball of theft and attempted theft. Brakke planted crops on land he jointly owned with his mother, and Kuball helped Brakke harvest the crops. *Id.* at 879. Before Brakke and Kuball harvested the crops, however, Brakke lost his interest in the land to a bank through partition. *Id.* at 878–79. Both Brakke and the bank claimed an interest in the harvested crops. *Id.* at 879–80. This Court addressed as the sole issue whether the district court "erred in allowing a criminal proceeding to continue when the matter should have been adjudicated civilly[.]" *Id.* at 880. In reversing the convictions, this Court acknowledged one of the primary issues before the district court was "whether the Bank was entitled to the growing crops which [Brakke] planted when the Bank and [Brakke's mother] each owned an undivided one-half interest in the property and prior to entry of the district court judgment partitioning the property." *Id.* This Court stated it had "never addressed whether a cotenant who plants crops on land which is subsequently lost through partition also loses entitlement to the growing crops." *Id.* This Court acknowledged "the general rule that, absent an express direction in the partition judgment, ownership of crops planted by a cotenant in possession of property which is subsequently partitioned to another cotenant ordinarily passes with the land to the other cotenant." *Id.* at 881. This Court relied on *Zeigler v. Blecha*, 59 N.D. 258, 229 N.W. 365, 366 (1930), however, to conclude there were equitable exceptions to the general rule. This Court reasoned that *"Zeigler* support[ed] the proposition

that more than the existence or knowledge of judicial proceedings affecting title to property is required to divest a cotenant who has remained in uninterrupted possession of partitioned property of the right to growing crops previously planted by that cotenant." *Brakke*, at 882. As in *Meyer*, this Court reversed the convictions, concluding a legitimate dispute existed as to the ownership of the crops and "[a] criminal theft trial is not the proper vehicle for resolving property law questions of this nature." *Id.*

[¶ 17] By contrast, in *Perreault*, 2002 ND 14, ¶¶ 1, 7, 638 N.W.2d 541, we reversed a district court's decision to dismiss an information charging Stephen Perreault with theft, distinguishing the court's reliance on the "Civil Dispute Doctrine" of *Brakke*. In *Perreault*, Perreault joined Michael Howard and Roger Nelson as principals in a business. *Id.* at ¶ 2. To further their business ventures, the business obtained a line of credit from a financial institution. *Id.* After an investigation, the State alleged Perreault wrote checks for personal debts against the business's line of credit. *Id.* at ¶ 3. Perreault did not dispute that he wrote checks for his personal debts on the business's line of credit or that he submitted phony invoices to the financial institution in order to obtain the release of funds from the line of credit. *Id.* at ¶ 10. Rather, he contended he had authority to write checks on the line of credit as a draw on his future profits from the business. *Id.* at ¶ 11. We concluded that, unlike *Meyer* and *Brakke*, the case did not involve an issue traditionally settled in civil forums, nor did it present a unique property law question. *Id.* at ¶ 10. Instead, we concluded that the defendant's contention he had authority to write checks on the line of credit as a draw on his future profits did nothing more than "raise a factual question encompassed in the general issue of whether [he was]

guilty of theft by deception." *Id.* at ¶ 11 (citing N.D.C.C. § 12.1–23–02(2)) ("defining theft as knowingly obtaining the property of another by deception or by threat with an intent to deprive the owner thereof"). As a result, we reversed the district court's dismissal of the charges against Perreault, concluding the resolution of the action in a criminal proceeding was appropriate. *Id.* at ¶ 13.

[¶ 18] Under our established case law, the facts of this case are more similar to *Meyer* and *Brakke* than to *Perreault*. Our review of the record establishes the road in question diverted from the section line over property owned by Karla Herzig in Section 26. Daniel Herzig admitted driving his vehicle on that road. He argues, however, the road was a public road by prescription under N.D.C.C. § 24–07–01, which, if true, would preclude his alleged status as a trespasser.

[¶ 19] In order for Daniel Herzig to have been convicted of criminal trespass under N.D.C.C. § 12.1–22–03(3), the State must have proven he entered or remained in a posted place where he was not licensed or privileged to be. As in *Meyer*, 361 N.W.2d at 222, "the primary, and most probably the only, issue [in this case was] whether ... the road [was] a public road by virtue of Section 24–07–01, N.D.C.C." Here the record establishes that the State and Daniel Herzig presented conflicting evidence as to whether the road in question was a public road. Because a legitimate dispute existed as to whether the road was a public road by prescription under N.D.C.C. § 24–07–01, this dispute is ill-suited as a criminal action. *See Meyer*, at 223; *Brakke*, 474 N.W.2d at 882. Rather, the action should have been instituted civilly. *See Meyer*, at 223; *Brakke*, at 882.

[¶ 20] We conclude the district court erred in denying Daniel Herzig's motions

for judgment of·acquittal. We do not suggest the road diverting from the section line separating Sections 25 and 26 is a public road; rather, we conclude only that a legitimate dispute existed as to whether the road was a public road by prescription under N.D.C.C. § 24–07–01. A criminal trespass trial "is not the proper vehicle for resolving property law questions of this nature." *See Brakke,* 474 N.W.2d at 882. Instead, we have traditionally resolved disputes involving prescription of roads through civil litigation. *See Meyer,* 361 N.W.2d at 223 (citing *Mohr,* 313 N.W.2d 737; *Backhaus,* 304 N.W.2d 87; *Keidel,* 290 N.W.2d 255; *Berger,* 88 N.W.2d 98; *Morton County,* 57 N.D. 305, 221 N.W. 270). We conclude a legitimate dispute existed warranting the civil resolution of whether the road in question was a public road by prescription. As a result, we reverse the judgment and remand to the district court to enter a judgment of acquittal.

[¶ 21] When there is a legitimate dispute as to whether a road is a public road by prescription, the prosecutor should not bring charges based on the nonexistence of such a road. If criminal charges are instituted, the defendant may move to dismiss the charges on the basis of a legitimate dispute. This motion to dismiss is an exception to the rule established in *State v. Howe,* 247 N.W.2d 647, 652 (N.D.1976), limiting a motion to dismiss to testing the sufficiency of the charging document and precluding consideration of facts not appearing on the face of that document. The district court is to dismiss the charge if a hearing or other evidence establishes a reasonable basis to believe a road has been established by prescription. Grant of the motion does not require the district court to conclude a road by prescription exists, but only that there is a legitimate dispute based on reasonable grounds.

## C

[¶ 22] Because we conclude the district court erred in denying Daniel Herzig's motions for judgment of acquittal, we need not address his alternative theories on why his conviction should be reversed.

## III

[¶ 23] We reverse the criminal judgment and remand to the district court to enter a judgment of acquittal.

[¶ 24] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS, J., concur.

MARING, Justice, dissenting.

[¶ 25] I, respectfully, dissent. The majority of courts have concluded the issue of whether a road is public by prescription can properly be decided in a criminal proceeding. I would overrule *State v. Meyer,* 361 N.W.2d 221 (N.D.1985), and affirm the criminal judgment. The holding in *Meyer* is not in line with case law in other states and forces the criminal court to decide if there is a "legitimate dispute" regarding whether the road at issue is a public road by prescription. *Meyer* provides no guidance on how, when, or by whom this determination is to be made in the criminal proceeding. The majority opinion now attempts to provide some procedure, which creates an exception to the rule limiting a motion to dismiss a criminal prosecution. *See State v. Howe,* 247 N.W.2d 647, 652 (N.D.1976) (stating "[a] procedural rule cannot abrogate a substantive right").

[¶ 26] Numerous courts have permitted the issue of whether a road is a public road by prescription to be tried in a criminal proceeding. *See State v. Hutchison,* 721 N.W.2d 776 (Iowa 2006) (holding the State

has the burden of proof to establish a road is private to uphold a conviction for criminal trespass); *see also State v. Eisele*, 37 Minn. 256, 33 N.W. 785, 785 (1887) (stating, "[a] large part of the cases of indictments for obstructing highways have been cases in which the legal existence of the public right was disputed. The existence of such right is an element in the crime charged, which may and must be proved like any other fact necessary to constitute the offense"); *State v. Berg*, 28 Idaho 724, 155 P. 968 (1916) (holding the State must provide sufficient evidence to establish the road is public in a criminal trial for obstructing a public highway); *State v. Nesbitt*, 79 Idaho 1, 310 P.2d 787, 793–94 (1957) (Smith, J., dissenting) (noting that the State has the burden of proving beyond a reasonable doubt that the road in question is a public highway); *State v. Teeters*, 97 Iowa 458, 66 N.W. 754 (Iowa 1896) (holding whether a road is a public highway is a question for the fact finder in a criminal trial for obstructing a public highway); *State v. Hayes*, 125 Kan. 375, 263 P. 782 (1928) (affirming a judgment of conviction for obstructing a public highway when the State proved the road was in fact public); *State v. Brown*, 72 N.M. 274, 383 P.2d 243 (1963) (holding the defendant may provide evidence a road is private in his criminal trial for obstructing a public highway); *State v. Tyler*, 54 S.C. 294, 32 S.E. 422 (1899) (holding the fact finder has the responsibility of determining whether a road is public by way of prescription in a criminal action for obstructing a public highway); *Martin v. Commonwealth*, 159 Va. 894, 165 S.E. 425 (1932) (holding the Commonwealth must prove beyond a reasonable doubt that the roadway is a public highway to sustain a conviction for obstructing a public highway); *Clark v. State*, 25 Ala.App. 30, 140 So. 178 (1923) (holding the State must prove beyond a reasonable doubt a road is a public high-

way by prescription in criminal cases despite the burden of proof being a preponderance of evidence in civil cases); *State v. Camp*, 134 Idaho 662, 8 P.3d 657 (Idaho Ct.App.2000) (affirming a criminal judgment of obstructing a public highway when the defendant failed to prove he had a prescriptive easement over the road); *State v. Trove*, 1 Ind.App. 553, 27 N.E. 878 (1891) (affirming a directed verdict of not guilty of obstructing a public highway, when the State failed to show that the alleged highway had been established by law, or by prescription or dedication); *Ewen v. Commonwealth*, 239 Ky. 492, 39 S.W.2d 969 (1931) (holding the Commonwealth must prove the road in question is a public highway in a criminal trial for obstructing a public highway); *State v. Hood*, 143 Mo.App. 313, 126 S.W. 992 (1910) (holding the State has to prove beyond a reasonable doubt a road is public by dedication in a criminal trial for obstructing a public highway); *State v. White*, 96 Mo. App. 34, 69 S.W. 684 (1902) (holding the fact finder must first determine whether a road is public by way of prescription before determining whether the defendant is guilty of obstructing a public highway).

[¶ 27] In the context of a charge of the offense of criminal trespass or obstruction of a public road, I have not found one jurisdiction that has dismissed a criminal conviction based on the theory that the issue of whether a road is public by prescription can only be tried in a civil action.

[¶ 28] The law in North Dakota is well-settled that "section lines are considered public roads open for public travel...." N.D.C.C. § 24–07–03. Likewise, the law in this state is well-settled "[a]ll public roads and highways within this state which have been or which shall be open and in use as such, during twenty successive years, hereby are declared to be public roads or highways and confirmed and es-

tablished as such whether the same have been laid out, established, and opened lawfully or not." N.D.C.C. § 24–07–01. The issue is a factual one and not "ill-suited," but rather suited for a jury. The trial court did not err in denying Herzig's motion to dismiss the charge against him or in denying his motion for judgment of acquittal under *Meyer*.

[¶ 29] Because I would overrule *State v. Meyer*, the trial court's denial of the jury instruction requested by Herzig on "legitimate dispute" was not error.

[¶ 30] I would overrule the plurality decision in *State v. Meyer* and affirm the criminal judgment.

[¶ 31] MARY MUEHLEN MARING

KAPSNER, Justice, dissenting.

[¶ 32] I respectfully dissent.

[¶ 33] Our review should determine whether the jury instructions, as a whole, fairly and adequately advised the jury about the applicable law. *State v. Kleppe*, 2011 ND 141, ¶ 12, 800 N.W.2d 311. The jury was properly instructed on the elements of criminal trespass under N.D.C.C. § 12.1–22–03. Secondly, to survive a motion for judgment of acquittal, there must be sufficient evidence presented to the jury for conviction of the crime:

> On appeal, this Court reviews the evidence and all reasonable inferences in the light most favorable to the verdict, and will reverse only if no rational fact finder could have found the defendant guilty beyond a reasonable doubt. In reviewing a question of sufficiency of the evidence under N.D.R.Crim.P. 29(a), we do not resolve conflicts in the evidence or reweigh the credibility of witnesses. On appeal, we determine only whether there is evidence which could have allowed the jury to draw an inference

reasonably tending to prove guilt and fairly warranting a conviction.

*State v. Lehman*, 2010 ND 134, ¶ 7, 785 N.W.2d 204 (citations and quotations omitted). To decide whether Herzig committed criminal trespass, the jury had to decide whether he was licensed or privileged to be where he was. The jury was specifically instructed about public roads by prescription:

> All public roads and highways within this state which have been or which shall be open and in use as such, during twenty successive years, are declared to be public roads or highways and confirmed and established as such whether the same have been laid out, established, and opened lawfully or not.

[¶ 34] The jury heard the conflicting evidence about whether Herzig was on a public road. To find that Herzig was not licensed or privileged to be where he was, the jury necessarily had to determine that it was not a public road.

[¶ 35] Although *State v. Meyer*, 361 N.W.2d 221 (N.D.1985), was argued to the trial court as the basis for acquittal, *Meyer* is distinguishable. *Meyer* was a case in which a criminal charge was brought against a person attempting to obstruct a road on his own property in violation of N.D.C.C. § 24–12–02. It was not a case about whether a person was trespassing on the property of another. I would leave the issue of whether to follow or to overrule *Meyer* for another day on facts more similar.

[¶ 36] On these facts, the jury had sufficient evidence to convict and I would affirm.

[¶ 37] CAROL RONNING KAPSNER